## DARIEN & WESTERN RAILROAD COMPANY v. McKAY.

1. The jury in the case of an appeal from the award of assessors in a statutory condemnation proceeding have no authority to give compensation in anything but money. A verdict which awards the landowner a sum of money, and also reserves to him the privilege of moving improvements from the right of way sought to be condemned, is erroneous.

2. On appeal from the award of assessors in a statutory condemnation proceeding, the verdict should be for a given sum.

3. The particular proposals and declinations of the respective parties in their unsuccessful negotiation to agree upon the amount of damages prior to the condemnation proceeding are irrelevant on the trial of an appeal from the award of the assessors.

4. A charge which intimates an opinion as to the amount of recovery, where the evidence is conflicting, is erroneous.

Argued January 16,—Decided May 15, 1909.

Condemnation—appeal. Before Judge Seabrook. Liberty superior court. January 18, 1908.

*Hitch & Denmark*, for plaintiff in error.

*Garrard & Meldrim*, contra.

EVANS, P. J. Under the statutory proceeding to condemn a right of way for railroad purposes the assessors awarded the landowner, H. F. McCay, $300 damages, and the right to remove the house off the land condemned within four months. From this award McCay appealed to the superior court. The jury on the trial of the appeal returned the following verdict: "We, the jury, find for H. F. McKay the sum of $700, with the right to move all his improvements off the right of way." The railroad company moved in arrest of judgment, on the grounds that the verdict was illegal and unauthorized by the pleadings; and also moved for a new trial. Both motions were denied, and exceptions taken.

1. The attack on the validity of the verdict is made both in the motion in arrest of judgment and in the motion for new trial. At common law the usual mode of attack on an illegal verdict was by a motion for a venire de novo. Under our practice, a verdict of a jury which is illegal and void, and can not be enforced, is a ground for granting a new trial. *Mitchell* v. *Printup*, 27 Ga. 469. So we will consider the legality of the verdict along with the other grounds of the motion for new trial. One of the reasons assigned for its invalidity is that the verdict is not responsive to the issues, nor authorized by the pleadings. The notice of con-

demnation specified that the railroad company sought to condemn for railroad purposes a specifically described strip of land 150 feet in width. It appeared from the evidence that the improvement referred to in the verdict was a dwelling-house which rests in part upon the land sought to be condemned as a right of way. The statute prescribes that the issue to be made and tried by a jury on appeal is "the value of the property taken or the amount of damage done." Civil Code, §4678. The law contemplates that the verdict shall be for a definite sum, and the jury have no authority to annex any condition. See 2 Lewis on Eminent Domain, §505. The notice of condemnation does not ask that the condemnor. be permitted to pay the compensation to be awarded in any other way than in money. As soon as the assessors make their award, the railroad company, upon paying or tendering the amount awarded, may immediately proceed to use the property for railroad purposes; and this is so even though an appeal be taken. Civil Code, §4649; *Oliver* v. *Union Point &c. R. Co.*, 83 *Ga.* 257 (9 S. E. 1086). If the landowner may be given by the verdict the right to remove his house, this would mean that he could move it in a reasonable time; and this privilege would be inconsistent with the condemnor's right to immediate possession. We think the verdict was void.

2. On the appeal from the award of the assessors the form of the verdict intended by the statute is the recovery of a gross sum, the amount of which is to be arrived at by a consideration of the various elements enumerated in the Civil. Code, §4675. *Atlantic Coast Line R. Co.* v. *Postal Tel. Co.*, 120 *Ga.* 268 (48 S. E. 215).

3. The landowner was allowed to testify, over objection that the testimony was irrelevant, that he tried to get the railroad company to remove the house, and it refused. The testimony was irrelevant. The issue to be submitted to the jury, in a case like the present one, is the value of the property taken, and the consequential damages sustained; and proposals of the parties, and their declination pending a prior unsuccessful negotiation of settlement of the damages, are immaterial.

4. The court charged: "In order that there may not be any confusion, you can let your verdict state the full amount that you find, and the $300 already paid can be deducted from the amount that you find." This charge is open to the criticism made that

43

it· was an intimation of opinion that the amount of recovery should exceed the amount awarded by the assessors and paid by the railroad company. There was evidence from which the .jury could find a less amount, and the charge was therefore harmful.

*Judgment reversed. All the Justices concur.*