### 9567.   TRICE *v.* SHAW.

1. Where the jury find in favor of the plaintiff, on the trial of the issue made by a counter-affidavit, on the foreclosure of a laborer's lien, the verdict must be for a fixed sum of money, or the amount of the finding must be ascertainable from the record. The verdict in this case being for a certain number of pounds of seed-cotton, in addition to a stated sum of money, and there being no evidence as to the value of the seed-cotton, the finding as to the seed-cotton was void. It could not be upheld as a finding as to the plaintiff's title to the cotton. Title can not be settled on the trial of such an issue.
2. That part of the verdict which is expressed in dollars and cents is not supported by anything in the record.

DECIDED NOVEMBER 1, 1918.

Certiorari; from Pike superior court—Judge Searcy. January 12, 1918.

*Redding & Lester,* for plaintiff in error.

*A. M. Zellner, James M. Smith,* contra.

BLOODWORTH, J.  A justice of the peace issued an execution on the foreclosure of a laborer's lien in favor of Shaw against Trice, which was levied, and a counter-affidavit was filed. On appeal to a jury in the justice's court the evidence showed that Shaw and his brother-in-law, Story, worked a farm on the land of Trice, on shares, Trice to have half of the crop and Shaw and Story a fourth

each. The jury rendered the following verdict: "We, the jury, find for the plaintiff $28.38 and one fourth of the 1390 pounds seed-cotton, with interest." This verdict, in so far as it relates to the seed-cotton, is illegal and void, and no legal judgment could be entered thereon. In a proceeding to enforce a laborer's lien the verdict, if for the plaintiff, must be for a fixed amount, or an amount that can be made certain by the record, and upon which a legal judgment can be entered. Such a judgment becomes a special lien in favor of the plaintiff "on the products of their labor, superior to all other liens, except liens for taxes, and special liens of landlords on yearly crops" (Civil Code of 1910, § 3335), and a general lien "upon the property of their employers, liable to levy and sale, for their labor, which is hereby declared to be superior to all other liens, except liens for taxes, the special liens of landlords on yearly crops, and such other liens as are declared by law to be superior to them." Civil Code (1910), § 3334. On the trial of the issue made by the filing of a counter-affidavit to a laborer's lien the only question for determination is the amount due the laborer by the landlord. The title to the property levied on can not be settled on the trial of the issue raised by the counter-affidavit. The only construction that can be given the verdict in the instant case, so far as it relates to the seed-cotton, is that it placed the title thereto in the plaintiff. As stated above, this is illegal.

Even with this clearly illegal portion of the verdict stricken, there are no facts to support the finding of that portion of the verdict expressed in dollars and cents. Judging from the verdict rendered, the jury had before it evidence not incorporated in the petition, which was adopted by the justice of the peace as his answer. Yet neither traverse nor exception to the answer was filed, and we must decide the issue upon the record as brought to us. There was no testimony whatever as to the value of the cotton. "A new trial will be granted when the verdict of the jury is so uncertain that it can not be executed, or is expressed in such terms that an objectionable part can not be set aside with justice to both parties." Mitchell v. Printup, 27 Ga. 469. Darien & Western R. Co. v. McKay, 132 Ga. 672 (64 S. E. 785). The judge of the superior court erred in overruling the certiorari.

Judgment reversed. Broyles, P. J., and Harwell, J., concur.