MURPHY *et al.* v. HOLMAN *et al.*

No. 9955.   April 12, 1934.   Rehearing denied September 22, 1934.

*P. Q. Bryan,* for plaintiffs.   *Hoyl H. Whelchel,* for defendants.

Beck, P. J.   Murphy and Norman, alleging themselves to be a partnership, brought an action against J. C. & W. C. Holman Mule Company, alleging it to be a partnership, and alleged, in substance, that George Pridgen, an employee of the plaintiffs, was permitted by the defendant, which was engaged in buying and selling

horses, to try out a horse of a vicious and dangerous nature; that such character of the horse was known, or by the exercise of ordinary care and diligence should have been known, by the defendant; that the horse reared up on his hind legs and fell backward on George Pridgen, crushing him with such force that he died three days afterward; that the defendant was negligent in keeping the horse for sale after knowledge of its vicious and dangerous character, in permitting plaintiffs' employee to ride it, and in failing to notify plaintiffs' employee of the dangerous and vicious tendencies of the horse; that on March 17, 1930, Cora Pridgen, the widow of George Pridgen, filed a claim with the industrial commission under the workmen's compensation act, on account of the death of her husband, which resulted in a judgment in the superior court of Colquitt County finding in her favor the sum of $6.37-1/2 a week for a period not to exceed three hundred weeks, as compensation, and sixty-four cents a week for a period not to exceed three hundred weeks, as a penalty, and $250 as attorney's fees; that the death of George Pridgen was caused under circumstances creating a legal liability in the defendant and that the plaintiffs are entitled under the law to indemnity from the defendant and are subrogated to the rights of the named employee and his beneficiary to recover from the defendant to the extent of said compensation. The petition was so amended as to add a second count wherein the plaintiffs prayed for recovery of $2415.60 under the first count, and $903.44 under the second count, alleging that it had actually paid the sum of $903.44 on said judgment.

The defendant filed demurrers, both general and special. The court sustained certain of the special demurrers, and sustained the general demurrer and dismissed the petition. The plaintiffs excepted.

■ The original petition began with the words, "The petition of Murphy & Norman, a partnership composed of" certain named partners. The plaintiffs offered an amendment by adding or inserting the words "Cora Pridgen, who sues for the use of," so that this part of the petition would read: "The petition of Cora Pridgen, who sues for the use of Murphy & Norman, a partnership composed," etc. This amendment should have been allowed, and the court erred in refusing to allow it. Cora Pridgen had recovered the judgment to which the partnership of Murphy & Norman

claimed to be subrogated, and by the amendment the petition would have more clearly shown the relation of plaintiffs ·and Cora Pridgen, the latter being the person who had recovered the judgment against the plaintiffs in this suit, to which judgment the plaintiffs in the original petition claimed to have been subrogated. While, as a rule, in actions for tort the name of one suing for the use of the original plaintiff can not be added by amendment, it can be in a case like this, in view of the provision of the workmen's compensation as amended, approved August 16, 1922 (Ga. L. 1922, at page 189), that "If the employee, or beneficiary of the employee, in such case recovers compensation under this act, the employer by whom compensation was paid, or the party who has been called upon to pay the compensation, shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the employee to recover therefrom, to the extent of the compensation." Especial reference is had to the provision that "the party who has been called upon to pay the compensation shall be subrogated to the rights of the employee to recover therefrom, to the extent of the compensation."

■ It was error for the court to sustain a general demurrer to the petition and to dismiss the same. The petition stated a cause of action as against a general demurrer. The plaintiffs, Murphy & Norman, under the allegations of the petition fall expressly within the provision of the act of 1922, that "the employer by whom compensation was paid, or the party who has been called upon to pay the compensation, shall be subrogated to the rights of the employee to recover, to the extent of the compensation."

■ The petition is not open to general demurrer on the ground that it is not shown to what extent or in what amount the plaintiffs claim damages. If the defendants had desired more particularity in the statement of the plaintiffs' claim of damages or the items of damage, they should have filed special demurrers showing wherein greater particularity was desired or necessary.

■ Certain special demurrers to the petition were sustained by striking certain paragraphs and portions of paragraphs of the petition. These special demurrers should have been overruled, except· the one attacking the claim for $250 attorney's fees, and for penalty.

■ It was insisted, and it is here contended, that section 2, sub-

section (d), of the act of August 16, 1922, amending the Georgia workmen's compensation act of August 17, 1920 (hereinabove referred to), is violative of article 3, section 7, paragraph 8, of the constitution of the State of Georgia, on the ground that the subject-matter set forth in section 2, subsection (d), is different from what is expressed in the title of the act. There is no merit in this contention. The title of the act contains a clause providing for "subrogation to the employer," etc. Nor is the subject-matter of section 2, subsection (d), of the amending act invalid on the ground that the subject-matter thereof is not germane to the Georgia workmen's compensation act of August 17, 1920. It is clearly germane, and merely extends in one particular the provisions of the act.

The judgment sustaining the general demurrer must be

*Reversed. All the Justices concur.*