### 37297. PICKETT *et al. v.* GEORGIA, FLORIDA & ALABAMA RAILROAD COMPANY.

DECIDED NOVEMBER 26, 1958.

*J. E. B. Stewart,* for plaintiffs in error.

*Dykes, Dykes & Marshall, T. O. Marshall, Jr.,* contra.

QUILLIAN, Judge. The only question for decision is whether

the petition alleged facts, which if proved, could be considered by the jury as showing bad faith on the part of the railroad company. If the averments of the petition are sufficient for that purpose, under the provisions of Code § 20-1404, the issue of whether the plaintiff is entitled to recover attorney's fees is made by the pleading.

Indicative of whether a party acts in good or bad faith in a given transaction is his abiding by or failing to comply with a public law made for the benefit of the opposite party, or enacted for the protection of the latter's legal rights.

Code § 94-301 confers upon railroad companies the power to condemn property for depot sites, and the accommodation of their mail lines, side tracks, switching facilities and other related purposes. Code (Ann.) § 94-321 by its plain wording, applicable alike to domestic and foreign railroad companies, requires all railroads to first procure the permission of the Public Service Commission before proceeding with condemnation of private property for the purpose referred to in the preceding paragraph. The latter statute is for the protection of the condemnee's property rights, and is a valuable safeguard against his property being improvidently taken by railroad companies. When the railroad undertook to take the plaintiffs' property without complying with the mandate of Code (Ann.) § 94-321 it amounted to an attempt to take the same without due process of law. From this fact, especially when considered with the allegations of the petition that for certain designated reasons the railroad company ought to condemn other property for its purposes rather than that of the plaintiffs, sufficiently presented an issue as to whether the railroad company acted in good faith in instituting and carrying on the condemnation proceedings. The fact that after being enjoined from proceeding with the condemnation, and confronted with its failure to comply with Code (Ann.) § 94-321 the railroad company dismissed the proceedings is not conclusive of good faith on the company's part, or even of evidential value in showing its bona fides. What one is forced to do cannot be accredited to his good faith.

*Judgment reversed. Nichols, J., concurs. Felton, C. J., concurs in the judgment.*