24256. SOUTHERN RAILWAY COMPANY v. OVERNITE TRANSPORTATION COMPANY.

ARGUED SEPTEMBER 14, 1967—DECIDED NOVEMBER 22, 1967— REHEARING DENIED DECEMBER 7, 1967.

*Neely, Freeman & Hawkins, Edgar Neely, Jr., Ellsworth Hall, Jr.,* for appellant.

*Nall, Miller, Cadenhead & Dennis, A. Paul Cadenhead, Gerald Friedlander,* for appellee.

ALMAND, Presiding Justice. This appeal by Southern Railway Company is from an order overruling its general and special demurrers to the petition of Overnite Transportation Co., which sought to recover the amount of $4,646.95 by reason of payments Overnite had made of workmen's compensation and medical expenses to one of its employees, Cleveland C. Trout, for injuries inflicted upon said employee by reason of the tortious conduct of the defendant Southern.

The petition alleged that plaintiff's employee, Trout, while in the course and scope of his employment was struck by one of defendant's trains and suffered bodily injury; that plaintiff had made payments of workmen's compensation and medical expenses in the sum of $4,646.95 pursuant to the Georgia Workmen's Compensation Law for the injury resulting from said accident to its employee; that Trout, plaintiff's employee, filed suit in Fulton Superior Court against the defendant on May 25, 1965; and that on June 10, 1964, July 28, 1964, August 11 and 14, 1964, and February 12, 1965, "plaintiff, by its attorneys, notified defendant of plaintiff's subrogation rights in the amount of $4,646.95. Copies of said notices, sent by certified mail, return receipt requested, were received by defendant through its agent and counsel, and copies of same . . . [were attached to the petition]. Said notices stated that plaintiff was entitled to be subrogated to the rights of Cleveland C. Trout for the aforesaid workmen's compensation payments, and that any settlement agreement between Cleveland C. Trout and defendant should consider and give cognizance to plaintiff's subrogation rights under *Code Ann.* § 114-403 (Ga. L. 1963, pp. 141, 145)." Further, the petition alleged that on "August 19, 1964, and February 12, 1965, plaintiff, through its attorney Thomas A. Rice, gave notice to said Cleveland C. Trout of plaintiff's subrogation rights under *Code Ann.* § 114-403 (Ga. L. 1963, pp. 141, 145),

said notice being given in letters dated August 19, 1964, and February 12, 1965. Both letters were addressed to said Cleveland C. Trout and were sent in care of his attorney, Mr. Guy Parker. A copy of each of these letters is attached . . . [to the petition]." After the defendant filed its answer in the tort action, the parties settled the tort action with the defendant, agreeing to pay Trout the sum of $10,000. The plaintiff's petition alleged that in "settling case No. B-13278 without recognizing plaintiff's subrogation rights under *Code Ann.* § 114-403 (Ga. L. 1963, pp. 141, 145), after having been given numerous notices pursuant to the edict of *Code Ann.* § 114-403 (Ga. L. 1963, pp. 141, 145), defendant has acted in bad faith, has been stubbornly litigious, and has caused the plaintiff unnecessary trouble and expense in requiring plaintiff to prosecute this action in order to collect sums due to plaintiff under *Code Ann.* § 114-403 (Ga. L. 1963, pp. 141, 145) and plaintiff should be awarded all expenses of this litigation, including reasonable attorney's fees, as a part of the damages."

By its general demurrers the defendant asserts (a) that the petition failed to set forth a cause of action and (b) that *Code Ann.* § 114-403 (Ga. L. 1963, pp. 141, 145), upon which plaintiff bases its suit, is void and of no effect for reasons that will be dealt with seriatim below.

This court has jurisdiction of the appeal by reason of the constitional attack made upon *Code Ann.* § 114-403 (Ga. L. 1963, pp. 141, 145).

That section provides: "Whenever any person is called upon to pay compensation, medical expenses and/or funeral expenses on account of injury or death compensable under this Title, and such person contends that a person or persons other than the employer is liable to pay damages, on account of such injury or death, to the injured employee or those entitled to recover for the employee's death, such person called upon to make such payment may give to the persons contended to be so liable and to the injured employee or those entitled to recover on account of his death written notice of such contention and of the fact that the person giving notice is required to make such payment. Upon giving such written notice, the person called upon to make

such payment shall be subrogated, to the extent of the compensation medical expenses and/or funeral expenses payable, to all rights arising out of the injury or death which the injured employee or those entitled to recover on account of his death shall have against such notified persons, and shall have a lien therefor against the net recovery of any judgment or settlement recovered by the injured employee or those entitled to recover on account of the employee's death against any of the persons so notified."

■ It is contended that the above Act insofar as it purports to grant a right of subrogation is so uncertain, vague and indefinite as to be void. The Act is not subject to these objections.

■ It is asserted that if common carriers engaged in interstate commerce are bound by the provisions of the above cited subrogation Act, the said Act is void and in violation of Article 1, Section 1, Paragraph 3 of the Constitution of the United States, which provides that the Congress shall have power to regulate commerce among the several states, because said Act would place an unreasonable burden upon interstate commerce.

State statutes which only relate to or indirectly affect interstate commerce or cover matters not legislated on by Congress are not invalid as interfering with or burdening interstate commerce. 15 CJS 873, Commerce, § 138 (1). See *Layton v. State*, 165 Ga. 265 (140 SE 847).

"The interstate commerce clause did not withdraw from the states the power to legislate with respect to their local concerns, even though such legislation may indirectly and incidentally affect interstate commerce and persons engaged in it." Boston & Maine R. Co. v. Armburg, 285 U. S. 234, 238 (52 SC 336, 76 LE 729). Where a carrier is subject to suit by a plaintiff within the State, an attachment or garnishment of the carrier's property is not invalid as being a burden on interstate commerce. Natural Gas Pipeline Co. v. Slattery, 302 U. S. 300 (58 SC 199, 82 LE 276). See also *Pere Marquette R. Co. v. Tifton Produce Co.*, 48 Ga. App. 286 (172 SE 727); 15 CJS 881, Commerce, § 139.

■ The contention of defendant that *Code* § 114-108 which states that the "provisions of this Title shall not apply to any

common carrier by railroad engaging in commerce between any of the several states" forbids the application of *Code Ann.* § 114-403 (Ga. L. 1963, pp. 141, 145) to the instant case is without merit. The title of Code 114 is "Workmen's Compensation." The suit by the plaintiff is not one to recover compensation as an employee of the defendant, a common carrier by railroad, but is to indemnify plaintiff for a monetary loss caused by defendant's tortious act to plaintiff's employee.

This ground of the demurrer is without substance.

■ The grounds of the general demurrer that *Code Ann.* § 114-403 (Ga. L. 1963, pp. 141, 145) violates that part of Article I, Section I, Paragraph II of the Georgia Constitution (*Code Ann.* § 2-102) which provides that the "[p]rotection to person and property is the paramount duty of government, and shall be impartial and complete" and the due process clauses of the 14th Amendment of the United States Constitution and Article I, Section I, Paragraph III of the Georgia Constitution (*Code Ann.* § 2-103) "for under the statutes of the State of Georgia a person who has a right of action for a tort may consent to a satisfaction and settlement thereof, and the person against whom such right of action is claimed has the correlative right to 'buy his peace' and secure a release or covenant not to sue from the party claiming a right of action to save expense, and avoid the possibility of being adjudged liable and having to pay a large sum of money, and the Act of 1963, as aforesaid, so construed, would deprive the alleged tortfeasor of those rights and liberties, or impair them to such an extent as to amount to a deprivation," are without merit.

It is within the power of the legislature to authorize a recovery by an employer against a third person, subject to the third person being given notice and a hearing. Staten Island &c. R. Co. v. Phoenix Indem. Co., 281 U. S. 98 (50 SC 242, 74 LE 726). The instant statute does not violate due process in that the defendant and all other persons are accorded notice and a hearing applicable to all cases of a similar nature. *Robitzsch v. State,* 189 Ga. 637 (7 SE2d 387); *Arthur v. State,* 146 Ga. 827 (92 SE 637); 16A CJS 905, Constitutional Law, § 641.

■ The contention that *Code Ann.* § 114-403 (Ga. L. 1963,

pp. 141, 145) grants no subrogation right in an instance where settlement has occurred between the tortfeasor, defendant, and the workmen's compensation claimant, Trout, is without substance in view of the allegations in the petition. It is alleged that notice of the plaintiff's subrogation rights was given to the defendant before a settlement was made between the parties to the tort action. The general rule is that a compromise or settlement by the employee of his claim against a third party without consent of the employer does not affect the right of the employer to be indemnified. See citation of cases in 106 ALR 1053 and 19 ALR 788.

■ The real purpose of the provisions in the workmen's compensation law for giving to the employer the right of subrogation has been described as a means for recouping the employer's loss and to prevent a double recovery by the employee and to do substantial justice. 101 CJS 512, Workmen's Compensation, § 994.

This court in *Cornelia Bank v. First Nat. Bank of Quitman*, 170 Ga. 747 (1-3) (154 SE 234) held: "Subrogation is the substitution of another person in the place of the creditor, so that the person in whose favor it is exercised succeeds to all the rights of the creditor. It is of equitable origin, being founded upon the dictates of refined justice, and its basis is the doing of complete, essential, and perfect justice between the parties, and its object is the prevention of injustice.

"The courts incline rather to extend than restrict the principle, and the doctrine has been steadily growing and expanding in importance, and becoming general in its application to various subjects and classes, the principle being modified to meet the circumstances of cases as they have arisen.

"Legal subrogation takes place as a matter of equity, without any agreement to that effect made with the person paying the debt, and is independent of both creditor and debtor."

■ Special ground 13 of the demurrer asserts that the petition fails to show any right to recover attorney's fees. *Code* § 20-1404 provides: "The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff

unnecessary trouble and expense, the jury may allow them." The allegations in the petition are sufficient to carry this issue to the jury. *Bowman v. Poole,* 212 Ga. 261 (91 SE2d 770); *Williams v. Harris,* 207 Ga. 576 (63 SE2d 386); *Pickett v. Georgia, F. & A. R. Co.,* 98 Ga. App. 709 (106 SE2d 285).

We have examined all other special demurrers and find that some of them are merely amplifications of the general grounds and others are without substance and do not require any specific consideration.

The trial court did not err in overruling all the demurrers. See *Murphy v. Holman,* 179 Ga. 329 (2) (176 SE 5).

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Nichols, J., who dissent.*

DUCKWORTH, Chief Justice, dissenting. 1. If the legislature made a mistake when it said plainly that the entire workmen's compensation statute, which includes the subrogation section upon which this case depends, does not apply to railroads (*Code* §§ 114-107, 114-108), the only constitutional way to correct that mistake is by legislative amendment and not by judicial fiat. Courts have a duty to accept unambiguous legislation and not to change it on the pretense of construction when it needs no construction. I would hold the subrogation section inapplicable to this railroad.

2. But, if it is held to apply, then I would hold it unconstitutional in that it denies due process and equal protection when it prevents a tortfeasor from reaching a friendly and mutually acceptable settlement.

I am authorized to state that Justice Nichols concurs in this dissent.