47204. HINTON et al. v. GEORGIA POWER COMPANY.

EBERHARDT, Presiding Judge. 1. This appeal was originally filed in the Supreme Court, and was transferred to this court. Appellant now moves that it be transferred back to the Supreme Court, asserting that constitutional questions are involved.

We must conclude that in transferring the appeal to this court the Supreme Court determined that there are no issues made which bring it within that court's jurisdiction. The motion is accordingly denied.

Georgia Power Company instituted condemnation proceedings for the acquisition of an easement for the construction and maintenance of its electric transmission lines across lands owned by the heirs at law of Will W. Hinton, naming them. The matter was referred to a special master who, after a hearing, made an award for the easement sought and for consequential damages, and specifically stating that "no consideration was given to expenses of litigation or attorney's fees." Both the condemnor and the condemnee appealed the award to a jury in the superior court. Thereafter the condemnees filed an answer to the petition for condemnation (see *Central Ga. Power Co. v. Cornwell,* 139 Ga. 1 (3) (76 SE 387, AC

1914A 880)), and the condemnor filed a motion to strike certain paragraphs and portions of the answer, which was sustained. Condemnee moved to strike a portion of the petition, which was denied. Obtaining certificates from the trial court, condemnee appeals these rulings.

2. Paragraph 11 of the answer asserted that in seeking the right of access over "existing roads of the condemnor and any roads which might exist in the future in getting to the easement" for maintaining the power lines was "an invasion of the privacy of the condemnees and amounts to a license on the part of the condemnor to trespass and damage the remaining property in the amount of $2,500." This contention was without merit and the court properly sustained condemnor's motion to strike it. A reasonable right of access to an easement for the construction and maintenance of electric transmission or other utility lines is an inherent part of the easement itself.

3. Paragraph 16 of the answer asserted that the condemnor had employed two local appraisers for appraising the easement sought to be acquired, and had not used them before the special master, and paragraph 17 asserted that instead, it had used appraisers from Rome and Chattanooga who were not familiar with the property. These paragraphs were stricken on motion.

On appeal to the jury from the award of a special master the sole issue is the value of the property sought to be condemned and the matter of consequential damages and benefits. *Leach v. Ga. Power Co.*, 228 Ga. 16 (5) (183 SE2d 755). Thus, the matter of what issues were made or of what witnesses may have been used before the special master is wholly immaterial on the appeal to a jury. These paragraphs sought to inject a false and impermissible issue, and they were properly stricken.

4. Paragraphs 18, 19 and 20 of the answer assert that after the entry of the award by the special master both the condemnor and condemnees filed appeals to a jury; that condemnees offered to dismiss their appeal on condition that the condemnor would do likewise and that they

stood ready so to do. These paragraphs were properly stricken. It is the unfettered right of either the condemnor or the condemnee to appeal the award of a special master (or of appraisers) to a jury in the superior court by complying with the statutory provisions. *Code* §§ 36-601, 36-805, 36-1110. When both have done so, as here, the offer by one to dismiss his appeal upon condition that the other do likewise is a wholly immaterial and irrelevant matter on the trial of the appeal, and can raise no triable issue. Moreover, negotiations for settlement or compromise are improper as matters of pleading or as evidence. *Darien & Western R. Co. v. McKay,* 132 Ga. 672 (3) (64 SE 785).

5. Paragraph 22 of the answer asserted that it would be necessary that condemnees "make expenditures for expert witnesses, for engineers to determine cost of relocation and constructing roads and to have representation by legal counsel." Under the holding in *Bowers v. Fulton County,* 227 Ga. 814 (183 SE2d 347), affirming *Bowers v. Fulton County,* 122 Ga. App. 45 (176 SE2d 219), and in *Shelton v. Housing Authority of the City of Atlanta,* 227 Ga. 824 (183 SE2d 353), the allegations of this paragraph raised no triable issue and were properly stricken.

6. Paragraph 23 of the answer alleged that due process requires that condemnees provide intelligent, competent expert witnesses in their behalf and counsel to represent them, and paragraphs 24 and 25 alleged that in order to receive just and adequate compensation they should receive payment for these items in addition to compensation for the property taken and consequential damages. It was proper to strike these paragraphs. *Bowers v. Fulton County,* 227 Ga. 814, supra.

7. In paragraph 26 the condemnor was charged with bad faith, in that it had refused to pay as compensation the sum determined by the two local appraisers that condemnor had first employed, and instead had sought out appraisers from Rome and Chattanooga who testified to a lower value and damage. In paragraph 27 it was asserted

that the condemnor had been stubbornly litigious in the condemnation proceeding. These paragraphs were properly stricken. Any litigant is entitled to select as his witnesses for presenting issues of value and damage those people who he believes will more nearly present the truth of the matter, and the fact that he may have been selective in doing so does not show bad faith or stubborn litigiousness. The opposing party was free to present the remaining witnesses if he thought them better qualified to judge value and damage. *Logan v. Chatham County*, 113 Ga. App. 491 (148 SE2d 471). Cf. *Lee v. State*, 2 Ga. App. 481, 486 (58 SE 676), where in a criminal case it was held not to be error for the State to fail to use one of its witnesses "in view of the fact that the defendant could have introduced the witness as well as the State." That the witnesses presented by the condemnor may have lived in Rome or Chattanooga does not indicate bad faith or stubborn litigiousness. The condemnees were free, on cross examination, to bring out facts which might indicate that the witnesses presented were not knowledgeable concerning the values of land in the area where the easement was sought, though this was a matter going to their credibility only.

8. Paragraph 28 of the answer, alleging that as a part of their recovery condemnees were entitled to have $1,000 for the expense of witnesses and $5,000 for attorney's fees, was properly stricken. *Bowers v. Fulton County*, 227 Ga. 814, supra.

9. Paragraph 29 of the answer asserted that a failure to allow a jury to pass on the matter of whether condemnees were entitled to have compensation for witnesses and attorney's fees would be in violation of *Code* § 20-1404, which authorizes recovery of these items when the defendant has acted in bad faith or has been stubbornly litigious. This paragraph was properly stricken. No allegation of the answer supports any issue of bad faith or of stubborn litigiousness. It affirmatively appears that the condemnor has proceeded wholly in accord with the

provisions of law and under right of appeal as afforded by law. The allegations seek to inject a false and impermissible issue. "Indicative of whether a party acts in good or bad faith in a given transaction is his abiding by or failing to comply with a public law made for the benefit of the opposite party, or enacted for the protection of the latter's legal rights." *Pickett v. Ga., Fla. & Ala. R. Co.,* 98 Ga. App. 709 (106 SE2d 285). Condemnor has followed the law here.

10. There was no error in requiring a recasting of the answer to omit the stricken provisions and paragraphs. *Code Ann.* § 81A-112 (f); *Schaefer v. Mayor &c. of Athens,* 120 Ga. App. 301 (7) (170 SE2d 339); *Duvall v. Duvall,* 124 Ga. App. 853 (186 SE2d 367); *Lamb v. Redemptorist Fathers of Ga.,* 111 Ga. App. 491, 500 (142 SE2d 278).

11. Condemnees moved to strike that portion of paragraph 5 of the petition which sought to acquire, as a part of the easement, "also the right of ingress and egress to and from said right of way over roads, if any, existing at the time of necessity for such ingress and egress, for the purpose of constructing, operating, maintaining, renewing, replacing and rebuilding said line or lines." We find no error in the denial of the motion. Without this reasonable right of ingress and egress the condemnor would not be able to utilize the easement itself, as the law contemplates and provides.

*Judgment affirmed. Deen and Clark, JJ., concur.*

ARGUED MAY 8, 1972—DECIDED MAY 15, 1972—
REHEARING DENIED JUNE 9, 1972—

*F. H. Boney,* for appellants.
*Robert Edward Surles,* for appellee.