## 49746. AETNA INSURANCE COMPANY et al. v. WINDSOR.

EBERHARDT, Presiding Judge.

Aetna appeals the denial of its right of subrogation against the appellee widow whose husband died in an aircraft accident in connection with his employment. The widow collected from an insurance policy which covered the aircraft accident, and Aetna, the employer's insurance carrier under the Workmen's Compensation Act (Code Ann. Title 114), asserted its right of subrogation against the proceeds to the extent that it had compensated the widow under the Act. Ga. L. 1922, pp. 185, 186; 1937, pp. 528, 530; 1963, pp. 141, 145 (Code Ann. § 114-403). The aircraft accident occurred on January 27, 1971, and Aetna began making compensation payments to the widow at that time. Code Ann. § 114-403 was repealed in its entirety effective July 1, 1972. Aetna gave notice of subrogation on August 11, 1972.

1. Before the 1922 addition to the Workmen's Compensation Act (Ga. L. 1922, p. 185; Code Ann. § 114-403), the employer/insurer was not subrogated to the employee's recovery from the third-party tortfeasor, allowing, in effect, double recovery for the employee.

*Southern R. Co. v. Overnite Transportation Co.,* 223 Ga. 825 (158 SE2d 387); *Atlantic Ice & Coal Corp. v. Wishard,* 30 Ga. App. 730 (119 SE 429). After 1922, and up until July 1, 1972, the employer/insurer "was entitled to reduce the amount of compensation by the amount of damages recovered." *Hartford Acc. &c. Co. v. Tolison,* 118 Ga. App. 660 (165 SE2d 192). Thus, the right of subrogation for the employer/insurer existed exclusively by virtue of Code Ann. § 114-403 and upon its repeal the right, unless vested, was abrogated.

2. In *Hartford Acc. &c. Co. v. Tolison,* 118 Ga. App. 660, supra, we answered the question of whether the employer/insurer was entitled to credit for sums received by the employee from the tortfeasor where it had not given the notice required by Code Ann. § 114-403 (as amended by Ga. L. 1963, pp. 141, 145) in the negative. Notice was there held to be a prerequisite to the right of subrogation. See also, *Spengler v. Employers &c. Ins. Co.,* 131 Ga. App. 443 (4) (206 SE2d 693) (cert. denied). "Hence the right of subrogation upon the giving of notice as provided for by Code Ann. § 114-403 is a substantive right, vested upon the giving of the notice. . ." *Spengler v. Employers &c. Ins. Co.,* 131 Ga. App. 443, 446, supra. (Emphasis supplied.)

3. In *Spengler* this court held that the employer/insurer's right of subrogation became vested upon giving notice to the employee and the tortfeasor and that the repeal of Code Ann. § 114-403 could not abrogate that right. Based on the converse of that holding, we hold here that Aetna's right of subrogation had not vested because Aetna had not given notice to the employee and tortfeasor and that the repeal of the statute abrogated that right. "The test is whether there was a vested right. If so, no subsequent legislative Act could impair it; but if not, there is no bar to a change or abolition of it at any time before it becomes fixed by a judgment. Code § 102-104 (Const. Art. I, Sec. III, Par. II; Code Ann. § 2-302)." *Spengler v. Employers &c. Ins. Co.,* 131 Ga. App. 443, 450, supra.

4. The case of *Thomas v. Town of Savannah Beach,* 66 Ga. App. 178 (17 SE2d 747) cited by appellant is distinguishable because in that case the statute (neither

Ga. L. 1922, pp. 185, 186 nor 1937, pp. 528, 530) did not require notice as a prerequisite to the right of subrogation. In 1963 the legislature made a notice a statutory requirement (apparently because of due process considerations, Staten Island &c. R. Co. v. Phoenix Indemnity Co., 281 U. S. 98 (50 SC 242, 74 LE 726); *Southern R. Co. v. Overnite Transportation Co.,* 223 Ga. 825 (4), supra) and the requirement existed up until the time of the repeal of the statute.

5. Appellee's request for damages for appeal taken for purposes of delay under Code § 6-1801 is denied because this issue was not obviously controlled by former decisions. *Horne v. Rogers,* 110 Ga. 362, 373 (35 SE 715).

*Judgment affirmed. Deen and Stolz, JJ., concur.*

ARGUED SEPTEMBER 30, 1974 — DECIDED OCTOBER 24, 1974.

*Savell, Williams, Cox & Angel, John M. Williams, J. Caleb Clarke, III,* for appellants.

*Westmoreland, Hall, McGee & Warner, C. Wilbur Warner, Jr., Edward E. Bates, Jr.,* for appellee.