### 32839. WARNOCK v. DUNBAR.

NICHOLS, Chief Justice.

This appeal is from an order of the trial court which found the appellant in contempt for failing to abide by the terms of a final decree of divorce.

After a divorce action was filed, the appellant and appellee entered into a settlement agreement which encompassed, among other things, the parties' conclusions as to how property and alimony should be apportioned. The agreement, which the court incorporated into its final divorce decree, gave the appellee the parties' former home and charged the husband-appellant with the duty of paying off the second

mortgage. Specifically, paragraph seven of the agreement provided: "That if the above-styled action results in a divorce being granted, the defendant shall pay all installments on the following debts incurred by the parties during the time of their marriage until same have been fully paid and discharged: (a) Indebtedness to the Morris State Bank, Dublin, Georgia, payable in monthly installments of $93.33 each, for 36 additional months. . . That the plaintiff, Lynette D. Warnock, is co-maker on some or all of the above indebtedness and the defendant, Walter O. Warnock will pay the installments on such indebtedness as same becomes due until they have been discharged."

The appellant paid the monthly payments until the appellee remarried, sold the house, and used the proceeds to satisfy the outstanding indebtedness which was secured by the second mortgage. After the appellant refused to pay to the appellee what would have been owing to the bank if the note had not been paid by the appellee, the appellee instituted this action for contempt. The trial court found the appellant in contempt, ordered him to make the payments and awarded the appellee attorney fees.

1. The appellant essentially argues that the trial court erred in finding him in arrears, placing him in contempt, and awarding attorney fees to the appellee. His sole argument in his brief is that the agreement to discharge the second mortgage was in the nature of alimony, and therefore ceased with his former wife's remarriage.

A reading of the entire settlement agreement between the parties, as it was incorporated into the final decree of divorce, leads us to the conclusion that the obligation to pay the second mortgage was in the nature of a division of property. See *Morris v. Padgett,* 233 Ga. 750 (213 SE2d 647) (1975). Since the obligation to pay the second mortgage was in the nature of a division of property, the trial court did not err in finding that the appellant should pay the amount that would have been remaining on the balance of the indebtedness. While no cases have been cited by either party which deal specifically with this question (nor has research

discovered any), the principles of equitable subrogation have general applicability to this situation. The appellee, having discharged the indebtedness to the bank with the proceeds from the sale of the home, is entitled to be the recipient of the payments that the appellant would have otherwise been obligated to make to the bank. See generally *Southern R. Co. v. Overnite Transportation Co.*, 223 Ga. 825 (158 SE2d 387) (1967). Any other result could do injustice to the appellee by preventing her from selling the home.

2. The issues of contempt and attorney fees are remanded to the trial court for reconsideration. The trial court should make a redetermination of the appellant's wilfulness in failing to pay in light of the fact that this issue appears to be one of first impression.

*Judgment affirmed in part and remanded in part. All the Justices concur.*

SUBMITTED OCTOBER 7, 1977 — DECIDED NOVEMBER 2, 1977.

*H. Dale Thompson,* for appellant.

*Jones, Jones & Hilburn, Paul J. Jones, Jr.,* for appellee.