60499. LIBERTY MUTUAL INSURANCE COMPANY v.
GEORGIA PORTS AUTHORITY.

BANKE, Judge.

The issue in this appeal is whether an insurance company which has provided benefits to the widow of a deceased employee pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 USCA § 901 et seq., has any remedy under state law against the third-party tortfeasor who allegedly caused the employee's death.

The deceased employee worked for a stevedoring company which was insured by the appellant insurance company against claims for compensation arising under the federal act. The employee was killed when a stack of wastepaper bales being stored in a warehouse owned by the appellee toppled over on him. After entering into an agreement with the widow to pay death benefits, the appellant filed this suit against the appellee for wrongful death. The trial court directed a verdict against the appellant on the ground that it had shown no legal right to pursue such a claim. *Held:*

The appellant concedes that it has no subrogation rights under the federal statute, since that statute bestows subrogation rights upon the employer, and hence the employer's insurer, only where compensation has been paid and accepted "under an award in a compensation order filed by the deputy commissioner or Board . . ." 33 USCA § 933 (b). No documents were filed with the deputy commissioner or board in connection with the payment of compensation in this case, and consequently there has been no action by the deputy commissioner or the board which could be construed as an "award" or "order." However, in Louviere v. Shell Oil Co., 509 F2d 278 (5th Cir. 1975) cert. den. 423 U. S. 1078 (1978), the Fifth Circuit held that even though an employer may have no subrogation rights under the federal statute, it is still entitled to avail itself of whatever remedies against third-party tortfeasors may exist under applicable state law. Accord, Federal Marine Terminals, Inc. v. Burnside Shipping Co., 394 U. S. 404 (1969). The appellant argues that Georgia law affords such a remedy under the circumstances of this case; the appellee argues that it does not.

In *Firemen's Fund Ins. Co. v. Thomas,* 49 Ga. App. 731, 734 (176

SE 690) (1934), this court held that where an insurer under a contract of fire insurance has indemnified the insured for a loss in accordance with the provisions of the policy, that insurer is "upon general principles of equity . . . subrogated, to the extent of the amount paid, to the right of the insured against another who may be responsible for the loss." A similar ruling was issued in *Universal Credit Co. v. Service Fire Ins. Co.,* 69 Ga. App. 357, 360 (25 SE2d 526) (1943), with respect to an insurer under an automobile collision insurance policy. Contrary to the appellee's contention, neither of these decisions limited the application of this "equitable" right of subrogation to cases in which the insured had been enriched by the receipt of a double recovery from both the insurer and the tortfeasor. Rather, the right was declared to arise by operation of law whenever an insurer indemnified an insured for an actual loss for which a third party was responsible. However, it is this obligation to indemnify the insured against an *actual loss* which is missing in this case.

The loss allegedly occasioned by the appellee's negligence in this case was the employee's life. Neither the appellant nor the employer was required to indemnify the employee (or his dependents) against such a loss. Rather, their obligation was to provide statutory benefits as mandated by federal law. There is no authority for the existence of an equitable right of subrogation in the insurer under these circumstances. On the contrary, this court has specifically held that any subrogation claim which an insurer under the Georgia Workers' Compensation Act may have against a third-party tortfeasor who has caused the death or disability of an employee arises solely by operation of statute. See *Atlantic Ice &c. Corp. v. Wishard,* 30 Ga. App. 730 (1) (119 SE 429) (1923) (holding that no such remedy existed prior to the enactment of Code § 114-403 in 1922), and *Aetna Ins. Co. v. Windsor,* 133 Ga. App. 159 (210 SE2d 373) (1974) (holding that the right ceased to exist after the repeal of § 114-403 in 1972). The appellant argues that these cases are inapposite because the Georgia Workers' Compensation Act is not involved in this case. Such reasoning misses the point. The pertinent holding in these cases is that the subrogation remedy asserted by the appellant does not exist in the absence of a statute creating it.

For the foregoing reasons, we hold that the trial court was correct in finding that the appellant had no state-created subrogation remedy against the appellee.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

ARGUED SEPTEMBER 4, 1980 — DECIDED OCTOBER 2, 1980 —

*Dorothy W. Courington, Charles Pippin,* for appellant.
*Charles B. Mikell, Jr., William T. Daniel, Jr.,* for appellee.