61284. NORTH GEORGIA ELECTRIC MEMBERSHIP CORPORATION v. THOMASON & HOLSOMBACK CONSTRUCTION COMPANY, INC. et al.

BANKE, Judge.
The issue in this case is whether an employer whose workers' compensation insurance premiums have increased as the result of a disability suffered by an employee at the hands of a third-party tortfeasor has a claim against the tortfeasor for the amount of that

increase in premium. The appellant employer contends that such a claim exists based on the common law right of indemnity. The trial court disagreed and dismissed the complaint for failure to state a claim upon which relief could be granted. *Held:*

1. A person who is compelled to pay damages because of liability imputed to him as the result of a tort committed by another may maintain an action for indemnity against the person whose wrong has thus been imputed to him. *Central of Ga. R. Co. v. Macon R. &c. Co.,* 9 Ga. App. 628 (3a) (71 SE 1076) (1911); *U. S. Shoe Corp. v. Jones,* 149 Ga. App. 595 (4) (225 SE2d 73) (1979). However, the appellant in this case has had no wrong imputed to it, nor does it otherwise have vicarious liability to its employee for the injuries allegedly inflicted by the appellee tortfeasor. Its obligation to the employee is instead to pay workers' compensation benefits, an obligation which arises regardless of fault and is not shared by the appellee. Cf. *Liberty Mut. Ins. Co. v. Ga. Ports Authority,* 155 Ga. App. 940 (274 SE2d 52) (1980).

2. The appellant further argues that the appellee is liable because the increase in premiums is an element of the damages proximately caused by the appellee's negligence. Underlying this argument is the assumption that the appellee breached a legal duty to the appellant to refrain from negligently injuring its employees. We are aware of no authority for the existence of such a duty to employers, and the appellant certainly has not attempted to cite any. The alleged tort in this case was committed against the employee, not the appellant. Moreover, the type of damages at issue have been held "too remote to be the basis of a recovery." *Sanford-Brown Co. v. Patent Scaffolding Co.,* 199 Ga. 41, 43 (33 SE2d 422) (1945), a case wherein a construction company made an identical claim against a supplier of defective scaffolding, based on breach of contract.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 9, 1981 —
REHEARING DENIED MARCH 2, 1981 —

R. *Leslie Waycaster, Jr., F. Gregory Melton,* for appellant.
*Lin Wood, J. Bruce Welch,* for appellees.