## 62426. INTEX PRODUCTS, INC. v. ROPER CORPORATION.

SOGNIER, Judge.

Appellee Roper Corporation (Roper) purchased a cleaning solvent from appellant Intex Products, Inc. (Intex). One of Roper's employees, Clark, died as a result of using the cleaning solvent. Roper, a self-insurer, paid workers' compensation benefits to Clark's survivors. Subsequently, Roper sued Intex for the amounts paid to the beneficiaries of the workers' compensation claim, alleging negligence and breach of express and implied warranties in Intex' sale of the cleaning solvent to Roper. The trial court denied Intex' motion for summary judgment and granted a certificate of immediate review. This court granted appellant's request for interlocutory appeal.

Appellant contends that the trial court erred in denying its motion for summary judgment because (1) Intex owed no legal duty

to Roper to refrain from injuring one of Roper's employees and (2) Roper has suffered no injury because of any breach of contract by Intex, since payments made to the deceased's beneficiaries were made pursuant to Roper's obligation under the Workers' Compensation Act. Thus, appellant argues, Roper is not entitled to recover under either tort or contract. In addition, appellant contends that as a self-insurer, Roper should not be regarded as an *employer* for purposes of subrogating its claim against Intex for payment of benefits to the deceased's survivors, but as an *insurer* for workers' compensation benefits who has no subrogation rights under the Act.

Appellee contends that this is not a case involving subrogation; appellant also contends that there can be no subrogation because the subrogation provision in the Workers' Compensation Act has been repealed. Code Ann. § 114-403. We agree, as the Workers' Compensation Act no longer allows for subrogation, and the subrogation remedy does not exist in the absence of a statute creating it. *Liberty Mut. Ins. Co. v. Ga. Ports Auth.,* 155 Ga. App. 940 (274 SE2d 52) (1980).

The controlling issue in this case is whether the employer may sue Intex as a responsible third party under any other theory and recover damages for compensation paid under the Workers' Compensation Act to Clark's survivors. We think not, and reverse.

The instant case is controlled by *N. Ga. Electric &c. Corp. v. Thomason &c. Inc.,* 157 Ga. App. 719, 720 (1) (278 SE2d 433) (1981), a recent case wherein an employer sought to recover the amount of an increase in workers' compensation insurance premiums which resulted from a disability suffered by an employee at the hands of a third party tortfeasor. In holding that such a recovery was not authorized, we said: "its [the employer's] obligation to the employee is . . . to pay workers' compensation benefits, an obligation which arises *regardless of fault* and is not shared by the appellee [third party tortfeasor]." (Emphasis supplied.) No wrong allegedly committed by the third party tortfeasor can be imputed to the employer for purposes of indemnity because the employer is required *by statute* to pay workers' compensation benefits to the employee or survivors of a deceased employee.

Appellee argues that appellant breached a duty owed to appellee as an employer to refrain from negligently injuring appellee's employees. This issue was also decided adversely to appellee in *N. Ga. Electric &c. Corp.,* supra. Further, appellee has not stated a cause of action based on contract because of any breach of express or implied warranties. Payment of benefits to an employee's survivors under the Workers' Compensation Act are not such damages as can be traced solely to an alleged breach of contract. *Sanford-Brown Co. v. Patent*

*&c. Co.,* 199 Ga. 41, 43 (33 SE2d 422) (1945). Rather, such payments are made pursuant to the Act regardless of any breach by appellant. Hence, the trial court erred in denying appellant's motion for summary judgment.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 17, 1981 —
REHEARING DENIED DECEMBER 3, 1981 —

*Ashley Royal,* for appellant.
*J. Franklin Edenfield,* for appellee.