James Ray **BUTLER**

v.

**SUPER VALU STORES, INC. and Gary Wayne Richardson.**

**CHARLES ED BURRUSS, INC.**

v.

**SUPER VALU STORES, INC. and Gary Wayne Richardson.**

Civ. Nos. C–85–46–G, C–85–88–G.

United States District Court,
N.D. Georgia,
Gainesville Division.

April 24, 1986.

Douglas E. Smith, Gainesville, Ga., for Butler.

Alexander H. Booth, Atlanta, Ga., for Super Valu & Richardson.

T. Cullen Gilliland, Atlanta, Ga., for Burruss.

---

### ORDER

O'KELLEY, District Judge.

An issue has arisen in the instant action concerning whether defendants may set off workers' compensation benefits paid to plaintiff James Butler by his employer, plaintiff Charles Ed Burruss, Inc. The court has reviewed letter briefs submitted by the parties, and finds that defendants may set off workers' compensation benefits under certain circumstances.

Recent Georgia cases are not directly on point. In *Williams Bros. Lumber Co. v. Meisel,* 85 Ga.App. 72, 68 S.E.2d 384 (1951), the Georgia Court of Appeals held that a third-party tortfeasor could not set off workers' compensation benefits. *Id.* at 74–75, 68 S.E.2d 384. The rationale for this rule was that under Georgia law, an employer was subrogated to an employee's claims against the third party up to the amount of compensation paid.

■ The court in *Meisel* relied in part on Ga.Code Ann. § 114-403, which permitted employer subrogation. 85 Ga.App. at 74–75, 68 S.E.2d 384. That statute has been repealed. Georgia law no longer permits subrogation in workers compensation cases. *See Intex Products, Inc. v. Roper Corp.,* 160 Ga.App. 579, 287 S.E.2d 610 (1981). In fact, the Georgia Supreme Court has noted in dictum that:

> an argument could still be made that if the employer's negligence in fact contributed to the employee's injury, the defendant in the tort action filed by the employee is nonetheless entitled to set off the amount of workers' compensation paid by the employer from the verdict.

*Sargent Industries, Inc. v. Delta Air Lines, Inc.,* 251 Ga. 91, 94 n. 1, 303 S.E.2d 108 (1983).

Clearly, the rationale upon which *Meisel* was decided no longer is sound. Georgia law currently does not permit an employer's subrogation up to the amount of workers' compensation paid to the employee. Additionally, dictum in *Sargent* indicates that the Georgia Supreme Court would not bar a third party's setoff of workers' compensation benefits.

■ The court in *Sargent,* however, did not hint that a set off always would be permissible. The dictum in *Sargent* suggests that the proper course is to permit a third-party tortfeasor to recover a setoff of workers' compensation benefits paid by the employer if the employer's negligence contributed to the employee's injury. *See Cofield v. Young Industries, Inc.,* No. C-82-2276-A, slip op. at 2 (N.D.Ga. Sept. 12,

1984) (Forrester, J.)[1]  The court agrees with this proposition.

█ Further, the court concurs with the opinion in *Cofield* that evidence concerning workers' compensation benefits should not be placed before the jury.  Such evidence is irrelevant, and could be prejudicial.  *Cofield*, slip op. at 2–3.  If the evidence at trial indicates that Burruss, the employer, was negligent, and if recovery is had against defendants, the latter may set off the amount of workers' compensation benefits provided to Butler.

---

1. The court has read the opinion of *Carter v. Interstate Truck Leasing, Inc.*, No. C–84–730–A (N.D.Ga. July 8, 1985) (Moye, C.J.).  In *Carter*, Judge Moye held that the employer's negligence was irrelevant to the setoff determination.  Slip op. at 3.  With all due respect, the court declines to follow the *Carter* decision.  The court concurs with the opinion in *Cofield.*