A91A1109. UNIQUE PAINT COMPANY, INC. v. WM. F. NEWMAN COMPANY, INC.

(411 SE2d 352)

SOGNIER, Chief Judge.

Unique Paint Company, Inc. brought suit against Wm. F. Newman Company, Inc. seeking to recover damages for expenses incurred when six employees of Unique Paint were injured in a vehicular collision allegedly caused by the negligence of a driver employed by Newman. The trial court granted Newman's motion for partial summary judgment as to all damage claims except the claim for property damages, and Unique Paint appeals.

On appeal, appellant urges this court to overrule or limit existing precedent and follow a foreign case to hold that it is entitled to recover the amount of increase in its workers' compensation premium which resulted from the collision and the ensuing claims filed by appellant's employees. We decline, as we find the controlling Georgia decisions to be correct. Moreover, the issue also has been addressed by the Supreme Court, which this court cannot overrule.

In *Sanford-Brown Co. v. Patent Scaffolding Co.*, 199 Ga. 41 (33 SE2d 422) (1945), the Supreme Court held that an increase in the plaintiff employer's workers' compensation premium was too remote a consequence to be recovered in a breach of contract claim against the manufacturer of defective scaffolding, the failure of which allegedly caused the plaintiff's employee's death. This court extended that rationale in *North Ga. EMC v. Thomason &c. Co.*, 157 Ga. App. 719 (278 SE2d 433) (1981) to a negligence claim. In that case, an employer asserted the same cause of action advanced by appellant in the instant case — a tort claim for increased workers' compensation insurance premiums resulting from a disability suffered by an employee as a consequence of the negligence of the employee of a third party. This court rejected the claim, holding there existed neither an indemnity right nor a legal duty owed by the defendant to the plaintiff to refrain from injuring the plaintiff's employee, and relied on *Sanford-Brown* to find that any such premium increase also was too remote for recovery in tort.

Appellant's argument that OCGA § 51-2-2 authorizes its claim is similarly without merit because that statute accords an injured party (such as the employees here) a cause of action against the employer of the third party tortfeasor, but does not extend that right to the injured party's employer. *Ireland Elec. Corp. v. Ga. Hwy. Express*, 166 Ga. App. 150 (303 SE2d 497) (1983). In addition, as the *Ireland* court recognized, no cause of action arises under OCGA § 51-1-9 either, as the notion that an employer may recover from a third party for the expenses and loss of services of an employee arising from injuries caused by the negligence of the third party is based on archaic con-

cepts of the servant as chattel and is inconsistent with the modern contractual relationship between employer and employee. Moreover, we note that no right of subrogation exists. *Intex Prods. v. Roper Corp.*, 160 Ga. App. 579, 580 (287 SE2d 610) (1981). Accordingly, we affirm the trial court's decision.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 10, 1991.

*John P. Partin*, for appellant.
*Kelly, Denney, Pease & Allison, Ronald W. Self*, for appellee.