S96A0111. BRYANT v. COLE.
(468 SE2d 361)

HINES, Justice.

This appeal arises from a judgment denying Debra Bryant's petition for declaratory judgment and contempt against her former husband, Roy Cole, for failing to make mortgage payments according to the terms of a "Contract and Agreement" between the parties, incorporated into and made part of their final judgment and decree of divorce on September 26, 1986.

The agreement provided for the equitable division of a jointly owned condominium, as follows:

> Plaintiff [Cole] and defendant [Bryant] equitably own title and interest in and to that certain Unit 1102, Commodore Condominium, Panama City, Florida, which equitable joint interest is hereafter divested from the plaintiff [Cole], not in settlement of any marital property rights, but only as an equitable division of jointly owned property. Plaintiff [Cole] shall be responsible for the payment of the principal and interest on any lien or encumbrance. Defendant [Bryant] shall be responsible for the taxes, insurance and repairs on said unit.

Bryant sold the condominium to a third party on November 15, 1993. In connection with the sale, Cole executed a quitclaim deed to Bryant. At closing, Bryant satisfied the balance of $42,777.59 remaining on the first mortgage from the proceeds of the sale. Bryant informed Cole that he must continue to make the mortgage payments to her according to the terms of the agreement. Cole refused to make any further payments to Bryant claiming that his obligation ended with the satisfaction of the indebtedness on the condominium. Bryant initiated this action seeking a declaratory judgment and contempt order requiring Cole to pay to her the balance remaining on the mortgage. The superior court denied Bryant's petition.

We granted Bryant's application for discretionary appeal to consider whether under *Warnock v. Dunbar,* 240 Ga. 122 (239 SE2d 684) (1977), a spouse who is responsible for payment of a mortgage on

property awarded to the other spouse as part of an equitable division of jointly owned property remains obligated if the property is sold to a third party and the mortgage is satisfied from the proceeds of the sale.

In *Warnock*, this Court held that where consideration of the entire settlement agreement between the parties demonstrates that the obligation to pay the mortgage was in the nature of a division of property, the sale of the property to a third party and the satisfaction of the mortgage from the proceeds of the sale does not discharge the obligation to pay the remaining balance under the mortgage. Id. at 123 (1). The court noted that any other holding would do injustice to the spouse awarded the property by preventing him or her from selling it. Id. at 124 (1).

Cole contends *Warnock* is distinguishable because here there is no requirement stating that the debt must be paid in full "until discharge" of the indebtedness as there was in *Warnock*, because Bryant did not receive title to the condominium, only sole possession, and because the quitclaim deed operated as a novation of the agreement. We disagree.

It is irrelevant that the condominium agreement did not require Cole to pay the mortgage in full "until discharge" since the debt in *Warnock* was also discharged at the sale of the property. The issue to be resolved is whether or not the obligation to pay the mortgage was part of a division of property. Here, the agreement expressly divests Cole of his interest in the condominium as part of an "equitable division of jointly owned property."[1] Further, there is no limitation on Cole's agreement to be "responsible for the payment of the principal and interest on any lien or encumbrance." Under the agreement, Bryant owned the condominium and Cole was responsible for the payment of the first mortgage. Accordingly, Cole was obligated to pay the mortgage as part of the equitable division of the condominium, and his responsibility did not end with the sale of the property to a third party and satisfaction of the mortgage from the proceeds of the sale. *Warnock*, supra at 123. Bryant having paid the indebtedness on the condominium has a right to equitable subrogation and is entitled to the payments Cole would have otherwise been obligated to make to the bank. Id. at 124.

The judgment denying Bryant's petition for declaratory judgment against her former husband is reversed, and the case is remanded to the superior court for consideration consistent with this

---

[1] Contrary to Cole's contention, the final judgment and decree of divorce divested Cole of any interest he had in the condominium. Therefore, the quitclaim deed, required to close the sale, did not create a novation or operate as an accord and satisfaction. See *Duncan v. Duncan*, 239 Ga. 789, 790 (238 SE2d 902) (1977).

opinion.
*Judgment reversed and case remanded. All the Justices concur.*

Decided April 8, 1996.

*John F. Doran, Jr.,* for appellant.
*Wright & King, Judy C. King,* for appellee.