## A01A1779. FODOR v. FODOR.
(558 SE2d 791)

PHIPPS, Judge.

Stephen and Beverly Fodor divorced in 1998. According to their separation agreement, she was to retain possession of the family residence until their youngest daughter reached the age of 18 and he was to be responsible for mortgage payments, taxes and insurance on the

---

[4] As noted above, the collision occurred on April 6, 1997.

property during that period. At the time the agreement was executed, those monthly payments included $1,265 to The Money Store and $305 to Greentree Mortgage. When the youngest daughter reached 18, the property was to be sold and the proceeds divided equally. The agreement was incorporated into the final judgment and decree of divorce.

In January 1999, Stephen Fodor stopped making the mortgage payments. The property was foreclosed upon in August 1999. In December 2000, Beverly Fodor initiated a continuing garnishment action against her ex-husband's employer, seeking to recover 23 months of unpaid mortgage payments for the period from January 1999 to December 2000. Stephen Fodor filed a traverse, claiming that his obligation to make the mortgage payments was not a money judgment subject to garnishment. After conducting a hearing on the traverse, the trial court denied it and entered a continuing garnishment in the amount of $35,462.76 (the amount Beverly Fodor sought less $650 Stephen Fodor paid to the second mortgage company after the foreclosure). We agree with the trial court's ruling and affirm.

1. Initially, Stephen Fodor argues that his ex-wife is not entitled to pursue a garnishment action because he was obligated to make payments to the mortgage companies, not to her. In *Warnock v. Dunbar*[1] and *Bryant v. Cole*,[2] however, the Supreme Court of Georgia determined that an obligation to make mortgage payments as part of an equitable division of property did not cease when the property was sold to a third party. Instead, the court required the party with the mortgage payment obligation to make the remaining payments to his ex-spouse. The court reasoned that the spouse without the mortgage payment obligation, who sold the property and discharged the indebtedness to the bank, had a right to equitable subrogation and was entitled to the payments her ex-spouse would have otherwise been obligated to make to the bank.[3]

The same rule should apply equally in the case of a foreclosure. As part of an equitable division of their property, Stephen Fodor assumed the mortgage obligation and, through no fault of his ex-spouse, defaulted on that obligation. We find that Beverly Fodor is entitled to the payments her ex-spouse otherwise would have been obligated to make to the mortgage companies under the terms of the separation agreement.

Stephen Fodor takes issue with his ex-spouse's reliance on *Warnock* and *Bryant* because they did not consider whether a mortgage payment obligation in a divorce decree constituted a money judgment

---

[1] 240 Ga. 122, 123-124 (1) (239 SE2d 684) (1977).
[2] 266 Ga. 535 (468 SE2d 361) (1996).
[3] Id. at 536; *Warnock*, supra at 124.

subject to garnishment. An ex-spouse's obligation to make a nonalimony lump sum cash payment to his ex-wife pursuant to their divorce decree, as part of an equitable division of property, is a money judgment subject to garnishment.[4] Here, Stephen Fodor was obligated to make nonalimony installment payments for his ex-wife's benefit pursuant to their divorce decree, as part of an equitable division of property. We find that his obligation was a money judgment subject to garnishment.

Fodor seeks to distinguish *Warnock* and *Bryant* on another ground — in those cases, the ex-spouse was required to pay only the balance owed on the mortgage, not monthly interest as well. In those cases, however, the ex-spouse sought and the court ordered immediate repayment of the amount remaining on the mortgage. Here, Beverly Fodor sought and the trial court ordered a continuing garnishment, which means the payments will be made over time. Because she is subrogated to the rights formerly held by the mortgage companies (at least until her youngest daughter reaches 18), she is entitled to the same interest they would have collected if the mortgage payments had been made over time.

Stephen Fodor also argues that any judgment in favor of his ex-spouse is not definite and certain in amount. On the contrary, the agreement specifies the amount of the monthly payments, to whom they are owed and when they are to be discontinued (when the youngest child reaches 18).[5] The amounts owed by Stephen Fodor can be clearly ascertained by multiplying the monthly amounts specified in the agreement by the number of months of nonpayment before the garnishment action was filed.

2. Based on our holding in Division 1, we find that Beverly Fodor was not limited to a contempt action against her ex-spouse.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JANUARY 14, 2002.

*Warren A. Sellers*, for appellant.
*Marcus G. Howell, Sr.*, for appellee.

---

[4] See *Boyd v. Boyd*, 191 Ga. App. 718 (382 SE2d 730) (1989).
[5] Cf. *Shelley v. Shelley*, 212 Ga. App. 651, 652-653 (442 SE2d 847) (1994) (agreement providing for payment of one-half of mortgage payments and one-half for repairs deemed necessary by both parties, which did not specify any particular amounts or allow those amounts to be clearly ascertained from its terms, was not a money judgment).