59780. THACKER CONSTRUCTION COMPANY et al. v. WILLIAMS.
59781. WILLIAMS v. WILLIAMS.

DEEN, Chief Judge.
1. Under former Code § 46-105 as it appeared in the Code of 1933, the affidavit and bond in garnishment were delivered to any officer authorized to issue attachments, who issued a summons requiring the defendant to appear at the court *where the original judgment against the defendant had been obtained.* These requirements were held in *Holloway v. George F. Doyal, Inc.,* 87 Ga. App. 50 (72 SE2d 925) (1953) to preclude filing a garnishment in the county court of a county where the original judgment against the debtor had been taken in the superior court of the same county. This decision is explained in *Chas. S. Martin Dist. Co. v. Sou. Furnace Co.,* 88 Ga. App. 339, 341 (76 SE2d 662) (1953) as a requirement that the courts be in different counties, or if not that the suit be filed in the same court where the judgment had been taken, precluding filing a garnishment, for example, in the Civil (now State) Court of Fulton County if the judgment had been obtained in the Superior Court of Fulton County.

With the repeal of these garnishment statutes the reason for such rule has ceased. Code Ann. § 46-102 now provides for filing the post-judgment garnishment affidavit "with the clerk of any court having jurisdiction over the garnishee" from whence the summons issues. Under Code Ann. § 46-103 the answer is filed in the court issuing the summons. Code § 46-401 requires the defendant's traverse, if any, to be filed in the court where the case is pending, and Chapter 46-5 dealing with subsequent proceedings, including the garnishee's answer, the deposit of any involved property, and any traverse thereof make it clear that there is no transfer to any other court from that in which the garnishment proceedings originated. The *Holloway* and *Martin Distributing Co.* cases, along with *McLean v. G. T. Duke Co.,* 95 Ga. App. 135 (1) (97 SE2d 537) (1957) no longer apply under present codal requirements.

2. "In all cases where a money judgment shall have been obtained in a court of this State, the plaintiff shall be entitled to the

process of garnishment." Code § 46-101. A judgment for alimony "is a money judgment in the sense that it may be enforced in the same manner as other judgments." Miller v. Miller, 207 La. 43, 20 S2d 419, 421 (1944). The same may be said for the judgment for child support, both having been fixed by the divorce decree in installment increments. The Florida proceeding, whatever it was, appears to have changed the totals from $125.00 per week to $500.00 per month. The appellant husband contends that the Florida decree adjudicated the issues of alimony and support to July, 1978 (the order is dated in October of that year) so that amounts claimed by the plaintiff prior to that date are unproved, and also that the amount should have been reduced by payments mailed by the husband and returned by the wife. The evidence on these subjects is not only contradictory but in some instances so vague that it must be held that nothing has been proved.

Among other things the traverse of the judgment by the defendant may challenge the amount claimed due under the affidavit of garnishment. Code § 46-403 (a). The dismissal of the traverse constitutes an adjudication that such defense is untrue. The burden is on the plaintiff in garnishment generally to establish that she is entitled to the garnished fund. Uncontroverted evidence in the affidavit reveals adequate proof that such judgment has not been paid in full. Since the husband is entitled to credits as to amounts paid by him we must reverse the dismissal of the traverse to the garnishment.

This case involves past due installments on a decree of divorce dated August 31, 1976, which set weekly amounts of alimony and child support for each of two children. It appears that the husband moved to Florida and that legal proceedings were initiated in Miami as a result of which the payments were placed on a monthly rather than a weekly basis. The husband testified that he made payments as stipulated and that when the action was brought in Miami he was current on the child support payment. The plaintiff testified generally that her affidavit stating that the defendant was $8,627.01 in arrears was true, but she offered no breakdown to support this statement. She testified: "Then I had the paper, and I took it to the attorney and also to the D. A.'s office in Bessemer (Alabama). Q. So the payments on here include the entire amount under the Fulton County decree? A. Right. Q. No offsets were made as far as the amount paid in Florida were there? A. No." What this "paper" proved (apparently it was the plaintiff's addition of charges and payments) we have no indication, since it was never introduced in evidence. It also appears to have included some amounts sought as reimbursement for medical expenses, as to which there was no

money judgment. The Bessemer reference is unexplained, but may represent an action by the Alabama courts against the defendant in Florida under the Uniform Reciprocal Enforcement of Support Act. We can only surmise the proceedings and have no indication at all as to amounts found due or collected. In addition there appear to have been at least two judgments in Florida, the first of which was later declared void and is not included in this record. Further, the plaintiff admitted returning one monthly payment to the husband (he swore that she returned two) and we do not know what disposition was made of this amount.

Under the above uncontested facts it cannot be said that the amount owing by the husband under the divorce decree has been established. This is the difficulty when a garnishment is attempted on an installment alimony and support judgment. The duty is indeed on the husband under Code § 46-511 to prove his payments, in order to sustain his traverse to the effect that he is not indebted in the amount alleged in the affidavit and summons of garnishment. But there is also a duty on the plaintiff to show the amount owing, and a mere statement from the stand by her that the affidavit is correct will not accomplish this purpose. Where the judgment on which the garnishment is based is for a sum certain the problem is greatly simplified. Where, as here, weekly payments over a period of years are involved there is a burden on the garnishing plaintiff to justify the amount for which the garnishment is served out. It must further be pointed out that the affidavit referred to by the plaintiff in direct examination was one she gave privately to her attorney and was not in the record, since the one attached to the summons was signed by the attorney only.

*We reverse and remand the case for another hearing to determine whether the amount sought by the plaintiff is in fact greater than the amount paid into court by the garnishee. Birdsong and Sognier, JJ., concur.*

SUBMITTED APRIL 8, 1980 — DECIDED
MAY 19, 1980.

*James R. Jester,* for appellants.
*William M. Andrews,* for appellee.