## 60317. BRODIE v. BRODIE.

CARLEY, Judge.

Appellant and appellee were formerly husband and wife, their marriage having been dissolved by divorce decree entered in 1976. Appellee-husband became delinquent in the payment of the child support installments which were required by the decree. Appellant-wife filed in Gwinnett Superior Court an application seeking to adjudicate appellee to be in contempt of the final judgment of divorce. By order dated January 10, 1980, the Judge of the Superior Court of Gwinnett County determined that appellee was in arrears in the amount of $3,300. However, by the same order, the Superior Court Judge allowed appellee to "purge himself of said arrearage by paying the current payments of $20.00 per week, together with the additional sum of $20.00 per month to be applied to the arrearage." On January 29, 1980, a fi.fa. was issued by the Superior Court of Gwinnett County in favor of appellant in the amount of $3,300.

On March 17, 1980, appellant filed an affidavit in garnishment in the State Court of Fulton County and obtained the issuance of a summons of garnishment against A T & T. Appellee filed a traverse to the garnishment alleging that the Gwinnett Superior Court contempt order "was a final adjudication of all issues between the parties." Appellee also submitted evidence that he had made all payments on the arrearage as specified by the Gwinnett Superior Court order and that, therefore, the balance due on the arrearage was less than that specified in the fi.fa. and in appellant's affidavit. After hearing, the Judge of the State Court of Fulton County sustained the traverse and dismissed the garnishment. Appellant-wife appeals from the order dismissing the garnishment proceedings.

"Appellant contends in his first enumeration that the garnishment action should have been dismissed because of the pendency of a former action (the contempt action) under Code § 3-601 and because of res judicata under Code § 3-607. Neither Code §§ 3-601 nor 3-607 applies because both the garnishment and the contempt actions may be pursued simultaneously for the collection or satisfaction of the payments owed under the 1966 divorce judgment. Code § 30-204; *Lipton v. Lipton,* 211 Ga. 442 (1) (86 SE2d 299)." *Herring v. Herring,* 138 Ga. App. 145, 146 (225 SE2d 697) (1976). In this case there is no dispute as to the existence of some indebtedness of appellee to appellant pursuant to the fi.fa. for the arrearage issued by the Gwinnett Superior Court. Therefore, there being no satisfaction of the judgment on which the garnishment was based, the mere fact that — in a contempt proceeding — the superior

court ordered certain payments on the arrearage in no way precludes the separate, independent pursuit by appellant of available legal remedies to collect the indebtedness owed to her by appellee. Since the process of garnishment is an appropriate available legal remedy, the trial court erred in dismissing the garnishment proceeding in its entirety.

However, Code Ann. § 46-403 (a) provides that "[w]hen garnishment proceedings are based upon a judgment, the defendant, by traverse of plaintiff's affidavit, may challenge the existence of such judgment *or the amount claimed due thereon . . .*" (Emphasis supplied.) In this case, appellee did dispute the amount allegedly due as shown by appellant's affidavit. Because the trial judge erroneously dismissed the entire garnishment proceeding, he failed to resolve the issue as to the balance due on the judgment. Accordingly, the judgment is reversed and the trial court is directed to hold a hearing to determine the amount owed by appellee to appellant pursuant to the judgment. See *Clark v. Clark,* 150 Ga. App. 602, 604 (258 SE2d 282) (1979).

*Judgment reversed with direction. Quillian, P. J. and Shulman, J., concur.*

SUBMITTED JULY 10, 1980 — DECIDED SEPTEMBER 5, 1980.

*Glyndon C. Pruitt,* for appellant.
*Darryl R. Vandeford,* for appellee.