## 67521. KARSMAN v. PORTMAN.

SHULMAN, Presiding Judge.

This appeal is based on appellant's contention that the State Court of Chatham County is without jurisdiction to hear a garnishment action, the resolution of which requires an interpretation of an agreement incorporated into a divorce decree and judgment of the Superior Court of Chatham County. The trial court disagreed and this appeal followed.

Appellee initiated a garnishment proceeding against appellant in the State Court of Chatham County after appellant had failed to comply with the child support agreement incorporated into the parties' 1976 divorce decree. Appellant filed a traverse to the garnishment action, alleging that he did not owe the money sought by his ex-wife and that the state court did not have subject-matter jurisdiction to hear the case. The state court held that it did in fact have jurisdiction over the case and that appellant owed $750 in delinquent child support payments. Appellant filed a motion to set aside the judgment, which was denied. Subsequently, appellant filed a complaint to set aside the judgment in the Superior Court of Chatham County, urging that court to take action because of the state court's alleged lack of subject-matter jurisdiction in the garnishment proceeding. The superior court granted appellee's motion for judgment on the pleadings.

1. Appellee has filed a motion to dismiss this appeal on the ground that appellant failed to file a motion for discretionary appeal within ten days of the trial court's final judgment. Apparently, appellee seeks to bring the present case under the requirements set forth in OCGA § 5-6-35 (a) (2). However, the foregoing Code section is inapplicable to the instant case in that the appeal presently before this court is not from a judgment concerning those issues enumerated in § 5-6-35 (a) (2), but is from a judgment on the pleadings in an action to set aside a judgment. Inasmuch as appellant filed his notice of appeal within the prescribed 30 days of the trial court's judgment, we deny appellee's motion to dismiss the appeal.

2. "In all cases where a money judgment shall have been obtained in a court of this state or in a federal court sitting in this state, the plaintiff shall be entitled to the process of garnishment." OCGA § 18-4-60. A judgment for child support " 'is a money judgment in the sense that it may be enforced in the same manner as other judgments.' [Cits.]" *Thacker Constr. Co. v. Williams*, 154 Ga. App. 670, 671 (269 SE2d 519). In *Reynolds v. Lipoma*, 164 Ga. App. 626 (298 SE2d 310), this court upheld a ruling of the State Court of DeKalb County wherein that court denied the traverse to a garnishment proceeding that was precipitated by a dispute concerning child support payments. In order to ascertain the amount of money, if any, the de-

fendant owed, the state court was required to interpret the divorce decree of the superior court. Therefore, in light of the foregoing precedent, the State Court of Chatham County had full authority to deny appellant's traverse in the garnishment proceeding before it. Accordingly, the trial court properly granted appellee's motion for judgment on the pleadings.

*Judgment affirmed. Banke and Pope, JJ., concur.*

DECIDED MARCH 9, 1984.

*Joseph B. Bergen*, for appellant.
*Julian H. Toporek*, for appellee.