67718. GRANDE CARPET COMPANY, INC. v. BEDCO
ASSOCIATES #1 et al.

BENHAM, Judge.

Appellant sued appellees, three Georgia limited partnerships and their non-resident general partners, on various contracts. Appellant then filed garnishment actions seeking prejudgment garnishment of specified accounts in the hands of the garnishee, Trust Company Bank. The fact that the named general partners are nonresidents of Georgia was the ground upon which appellant relied to bring the actions within the prejudgment garnishment statute. See OCGA § 18-4-40. The defendants traversed the garnishment, and the trial court, after an evidentiary hearing, dismissed the garnishments. This appeal is from the order of dismissal.

1. In an amended notice of appeal, appellant specified that a transcript of evidence would not be included in the record on appeal. Consequently, we must assume that the findings of the trial court are

supported by the evidence. *Denson v. Sanders*, 155 Ga. App. 583 (2) (271 SE2d 715) (1980).

2. The trial court found as a fact that the accounts against which the garnishments were directed were not in the names of the non-resident general partners but were accounts of the resident partnerships and were not accessible to the general partners. As the trial court went on astutely to point out, a partner's interest in partnership assets may be reached by garnishment served "on the firm" (OCGA § 14-8-74), but there is no provision for garnishment of a partner's interest in undivided partnership assets in the hands of a third party.

"As garnishment proceedings are purely statutory they cannot be extended to cases not enumerated in the statutes, and the courts have no power to enlarge the remedy or hold under it property not made subject to the process. [Cits.]" *Undercofler v. Brosnan*, 113 Ga. App. 475 (148 SE2d 470) (1966). Accordingly, it appears that the trial court was correct in concluding that the partnership accounts in the hands of the garnishee were not subject to garnishment directed against the individual interests of the non-resident partners. That being so, judgment for the defendants was demanded by the resolution of this issue alone, and the remaining issues need not be addressed.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 17, 1984.

*Joel Y. Moss, Jeffrey P. Rothenberry*, for appellant.
*Ira L. Rachelson, J. David Webb*, for appellees.