## A93A2035. SHELLEY v. SHELLEY.
(442 SE2d 847)

COOPER, Judge.

This appeal arises out of appellant's attempt to enforce a division of property by writ of fi. fa. The trial court granted appellee's affidavit of illegality, and we granted this interlocutory appeal to consider whether a property division can be enforced by execution and levy on a writ of fi. fa.

In 1990, appellant/husband and appellee/wife were divorced, and a final decree of divorce was entered which included an agreement providing for an equitable division of all marital property. In relevant part, the agreement provided: "Husband and Wife shall each be responsible for paying one-half of the mortgage payments, ad valorem taxes and homeowner's insurance. Any repairs or improvements deemed necessary by both parties will be paid one-half by Husband and one-half by Wife. The unimproved lot owned jointly by Husband and Wife . . . shall remain titled in both parties. If the lot shall be sold, Husband shall get 10% of the proceeds, or $1,500, whichever is less. In partial consideration for Husband Quitclaiming his interest in the house . . . Wife agrees to make the monthly payments on the joint cards until they are paid in full. For the same reason, Wife also assumes Husband's debt in the amount of $3,500. . . for fees incurred by husband in his lawsuit. . . . Neither party shall pay or receive alimony from the other."

In 1992, appellant's attorney filed an affidavit for fi. fa. in which he stated that appellee owed appellant $3,885.51 for mortgage payments made by appellant; $245.49 for repairs paid for by defendant; $1,500 for the unimproved lot which was sold for at least $20,000; $8,473.09 for payments on the joint credit cards; and $3,500 for fees incurred by appellant in the lawsuit referred to in the agreement. As a result of the affidavit, the clerk of court issued a fi. fa. in the amount of $17,653.09, and approximately three months later, the sheriff's department levied on property in the possession of appellee. Appellee posted a replevin bond in the amount of $18,601.33 and filed an affidavit of illegality, contending that the fi. fa. was proceeding illegally. Appellant moved to strike appellee's affidavit of illegality on the grounds that appellee was a party to the divorce action, therefore she had her day in court and could not go behind the judgment rendered in that action. Following a hearing on appellee's affidavit of illegality, the trial judge entered an order granting the affidavit.

Appellant enumerates as error, the trial judge's conclusion that a writ of fi. fa. is not the appropriate vehicle to enforce a property division award. Appellant argues that the enforcement of an equitable property division by writ of fi. fa. is authorized by OCGA § 19-6-4 (b), which provides that a grant of permanent alimony may be en-

forced by either writ of fi. fa. or by attachment for contempt, and OCGA § 19-5-13 which authorizes the judge to enter any order necessary to effectuate the jury's verdict disposing of property in a divorce action. As further support for his position, appellant cites OCGA § 23-4-37 which provides: "Every decree or order of a superior court in equitable proceedings may be enforced by attachment against the person for contempt. Decrees for money may be enforced by execution against the property."

It is undisputed that the final decree does not provide for alimony to either party. However, appellant argues that those portions of the decree which he seeks to enforce by execution are fixed amounts such as one-half mortgage payments and attorney fees or are amounts which can be easily computed and supported by documentary evidence such as credit card payments, payments for repairs and improvements and the amount due from the sale of a parcel of real property. Therefore, appellant contends, he is only enforcing a money decree by execution and levy. Appellee argues that although the legislature has authorized the enforcement of alimony and child support awards through a writ of fi. fa., there is no similar provision for the enforcement of an equitable property division, and consequently, appellant's only remedy is to enforce the property division through an action for contempt.

We first examine appellant's contention that he is merely seeking to enforce a money judgment. If so, then an action for contempt is not an available remedy. See *McKenna v. Gray*, 263 Ga. 753 (438 SE2d 901) (1994). Although the provisions of the agreement sought to be enforced by fi. fa. involve the payment of money, we cannot conclude that the provisions of the settlement agreement sought to be enforced by appellant are in the nature of a money judgment. Compare *Boyd v. Boyd*, 191 Ga. App. 718 (382 SE2d 730) (1989) (divorce decree provided that husband was to pay wife the sum of $27,000). For example, the agreement requires appellee to pay one-half of the mortgage payments, and appellant's attorney sets forth in the affidavit for fi. fa. that the amount due is $3,885.51. However, no judgment was entered against appellee for this amount. Also, the affidavit for fi. fa. includes a statement that $245.49 is due for repairs, but the agreement provides that the parties will each pay one-half for repairs *deemed necessary by both parties*. Finally, with respect to the provision in the agreement that husband shall receive 10 percent of the proceeds, or $1,500, from the sale of a jointly owned parcel of property, it has not been established (other than through the affidavit of appellant's attorney) either that the property was sold or the amount for which it sold. Since the portions of the decree sought to be enforced by appellant do not specify any certain amounts to which appellant is entitled, and said sums are not clearly ascertainable from the terms of the de-

cree, we find that appellant was not merely seeking to enforce a money judgment.

Whereas the legislature has specifically provided for the enforcement of alimony and child support by writ of execution, no such statute allows this method to enforce a property division award, which oftentimes involves undetermined sums of money or payments that are contingent on sales of property or other assets. Therefore, we conclude that the trial court properly granted appellee's affidavit of illegality quashing appellant's fi. fa.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 16, 1994 —
RECONSIDERATION DENIED MARCH 30, 1994 — 

*Banks & Stubbs, Robert S. Stubbs III*, for appellant.

*Smith, Gilliam & Williams, Kelly A. Miles, Christopher E. Vaughan*, for appellee.