## A08A1070. STOKER v. SEVERIN.
(665 SE2d 913)

ELLINGTON, Judge.

After a hearing, the State Court of Cobb County granted the traverse filed by Paul Severin in the garnishment action filed by Deborah Stoker. The court dismissed the case and ordered that all funds held in the registry of the court be released to Severin. With the permission of this Court,[1] Stoker appeals, contending that the trial court erred in several respects. For the following reasons, we affirm.

---

[1] See OCGA § 5-6-35 (a) (4) (appeals from cases involving garnishment or attachment shall be by application).

Because the trial court sits as the trier of fact when ruling on traverse to a garnishment, its findings based upon conflicting evidence are analogous to a jury verdict and should not be disturbed by a reviewing court if there is any evidence to support them. *Wachovia Bank of Ga. v. Unisys Finance Corp.*, 221 Ga. App. 471, 473 (1) (471 SE2d 554) (1996). When the evidence is uncontroverted and no question of witness credibility is presented, however, the trial court's application of the law to undisputed facts is subject to de novo appellate review. *McDonald Constr. Co. v. Bituminous Cas. Corp.*, 279 Ga. App. 757, 760 (632 SE2d 420) (2006).

In Stoker's affidavit for garnishment, she claimed that Severin was indebted to her in the principal amount of $8,886.21. The indebtedness represented Severin's alleged arrearage under the parties' 1999 divorce decree, as modified by a 2002 consent order. The decree obligated Severin to pay Stoker $2,350 in monthly child support. In addition, the decree, as modified, obligated Severin to pay one-half of all reasonable and necessary health care expenses that were not covered by insurance and to pay one-half of the cost of the children's extracurricular activities up to $500 per month.

Stoker alleged that Severin owed one month's periodic child support, $2,350. Stoker attributed the remainder of the principal amount ($6,536.21) to Severin's share of health care expenses and extracurricular activities costs. Stoker attached to her affidavit a spreadsheet of her own creation that showed payments totaling $4,477.37 for extracurricular activities from February 2006 through July 2007 and $8,593.05 for health care expenses from April 2005 through July 2007.

1. The Georgia Debtor and Creditor Code expansively provides for the collection of debts through the process of garnishment "[i]n all cases where a money judgment shall have been obtained in a court of this state[.]" OCGA § 18-4-60 (postjudgment garnishment). In cases where a debt has *not* been reduced to a money judgment, on the other hand, garnishment is available to the plaintiff only under specified circumstances.[2] OCGA § 18-4-40 (prejudgment garnishment).

(a) We will first consider the portion of the principal amount of the alleged debt which Stoker identified as representing unpaid monthly child support, $2,350. We agree with Stoker's contention

---

[2] OCGA § 18-4-40 provides:

In cases where an action is pending against the defendant, garnishment may issue prior to judgment only in the following cases:

 (1) When the defendant resides outside the limits of the state;

 (2) When the defendant is actually removing, or about to remove, outside the limits of the county;

that this portion of the alleged debt is governed by the procedure for postjudgment garnishment, OCGA § 18-4-60 et seq. Under Georgia law, a judgment for periodic child support that fixes the amount of the installments and when they are due is a money judgment subject to collection by postjudgment garnishment. *Karsman v. Portman*, 170 Ga. App. 194, 194-195 (2) (316 SE2d 819) (1984); *Thacker Constr. Co. v. Williams*, 154 Ga. App. 670, 670-671 (2) (269 SE2d 519) (1980). This is because a court can determine the amount due from the terms of the decree with no more than a mathematical computation. *Fodor v. Fodor*, 253 Ga. App. 248, 250 (1) (558 SE2d 791) (2002).[3] Furthermore, OCGA § 19-6-17 (e) (1) specifically provides that "[a]ny payment or installment of support under any child support order is, on and after the date due[,] [a] judgment by operation of law, with the full force and effect and attributes of a judgment of this state, including the ability to be enforced[.]"[4] Thus, a plaintiff can collect unpaid periodic child support under the postjudgment garnishment procedure, OCGA § 18-4-60 et seq.; additional proceedings to first reduce the debt to a money judgment are not required.[5]

---

(3) When the defendant is causing his property to be removed beyond the limits of the state;

(4) When the defendant has transferred, has threatened to transfer, or is about to transfer property to defraud or delay his creditors; or

(5) When the defendant is insolvent.

[3] See generally *Hutcheson v. Hutcheson*, 197 Ga. 603, 604 (30 SE2d 107) (1944): Every judgment must be certain and definite as to its amount. This element of certainty is present when the exact amount of the judgment may be ascertained by the subtraction of one named sum from another named sum, as provided in the judgment. It is a fundamental rule that a judgment should be complete and certain in itself. The general rule is that judgments must be certain and definite as to the amount thereof. Where the amount can be ascertained by mere computation, the court may make the computation.
(Citations and punctuation omitted.)

[4] See also OCGA § 19-6-30 (requiring child support orders to provide for collection of child support by the process of continuing garnishment for support where a party, in violation of the order, fails to make support payments due under the order "so that the amount unpaid is equal to or greater than the amount payable for one month").

[5] We note that, in the affidavit supporting garnishment, the plaintiff has a duty "to justify the amount for which the garnishment is served out." *Thacker Constr. Co. v. Williams*, 154 Ga. App. at 672 (2). Thus, where the plaintiff claims the defendant failed to make periodic child support payments required under a judgment, the plaintiff's affidavit must specify the amount and due date of any payments the defendant allegedly failed to make. Id. To sustain a traverse to such a garnishment, in which the defendant disputes the alleged nonpayment, in whole or in part, the defendant must produce proof of payment. Id. The court will then resolve the issue of the amount subject to garnishment, if any. *Brodie v. Brodie*, 155 Ga. App. 593, 594 (271 SE2d 725) (1980). See also OCGA § 18-4-65 (a) ("When garnishment proceedings are based upon a judgment, the defendant, by traverse of the plaintiff's affidavit, may challenge the existence of the judgment or the amount claimed due thereon."); (b) (the defendant may not challenge the *validity* of the judgment within the garnishment proceedings; such challenges can only be brought under the Civil Practice Act in an appropriate forum; while such a challenge is pending, the judge presiding over the garnishment proceedings "may order the garnishment released and stayed until the validity of the judgment has been determined in such forum").

Although Stoker was entitled to collect unpaid periodic child support through postjudgment garnishment, however, she testified at the hearing on the traversed garnishment that, at that point, Severin was no longer in arrears but had "caught up." Because, by Stoker's own admission, there was no unpaid periodic child support, the record established that Severin was not indebted to Stoker in the amount she claimed for one month's child support. Accordingly, the trial court correctly granted Severin's traverse to the extent of the amount Stoker claimed for periodic child support, that is, $2,350.

(b) We now turn to the remainder of the principal amount of the alleged debt, $6,536.21, which Stoker identified as representing Severin's share of health care expenses and extracurricular activities costs. Stoker contends that she was entitled pursuant to OCGA § 19-6-15 (h) (3) to collect the alleged debt through garnishment, without first obtaining "a separate or discrete judgment or a contempt order concerning these claims."

In OCGA § 19-6-15 (h) (3), which became effective January 1, 2007, as part of Georgia's new Child Support Guidelines,[6] the General Assembly specifically addressed the collection of uninsured health care expenses.[7] Where child support services pursues enforcement of payment of such unpaid expenses, OCGA § 19-6-15 (h) (3) (B) (ii) expressly requires that the amount of unpaid expenses be reduced to a judgment in a sum certain amount. Where, on the other hand, a parent (or a nonparent custodian) seeks to collect the other parent's share of uninsured health care expenses, the collecting parent "may enforce payment of the expense by any means permitted by law." OCGA § 19-6-15 (h) (3) (B) (i).[8] As we have explained above, collection via garnishment is permitted pursuant to the

---

[6] See Ga. L. 2006 (Act 650), pp. 583, 585-628, 630, §§ 4 (replacing Child Support Guidelines, OCGA § 19-6-15), 10 (b) (effective date); Ga. L. 2007 (Act 18), pp. 47, 51-53, 62, §§ 19 (correcting typographical and stylistic errors in OCGA § 19-6-15, as amended by Act 650), 55 (effective date).

[7] "Uninsured health care expenses" means a child's uninsured medical expenses including, but not limited to, health insurance copayments, deductibles, and such other costs as are reasonably necessary for orthodontia, dental treatment, asthma treatments, physical therapy, vision care, and any acute or chronic medical or health problem or mental health illness, including counseling and other medical or mental health expenses, that are not covered by insurance. OCGA § 19-6-15 (a) (23).

[8] OCGA § 19-6-15 (h) (3) (B) provides:
If a parent fails to pay his or her pro rata share of the child's uninsured health care expenses, as specified in the final child support order, within a reasonable time after receipt of evidence documenting the uninsured portion of the expense:
(i) The other parent or the nonparent custodian may enforce payment of the expense by any means permitted by law; or
(ii) The child support services shall pursue enforcement of payment of such unpaid expenses only if the unpaid expenses have been reduced to a judgment in a sum certain amount.

postjudgment garnishment procedure, if the debt has been reduced to a money judgment, or pursuant to the prejudgment garnishment procedure, if the debt has not been reduced to a money judgment.[9] As a threshold matter, therefore, we must determine whether the decree as amended constitutes a money judgment for the health care and extracurricular activities expenses that are the subject of Stoker's garnishment proceedings.

The decree as amended obligates Severin to pay one-half of the children's reasonable health care expenses that are not covered by insurance and one-half of the cost of their extracurricular activities up to $500 per month. The amounts due Stoker for these expenses at any point in time cannot be computed from the terms of the decree but require reference to evidence of specific expenditures and reimbursements. Cf. *Fodor v. Fodor*, 253 Ga. App. at 250 (1). Consequently, we conclude that Severin's debt for the specific health care and extracurricular activities expenses that are the subject of Stoker's garnishment is not yet the subject of a money judgment. See *Shelley v. Shelley*, 212 Ga. App. 651, 652-653 (442 SE2d 847) (1994) (an agreement that was incorporated into a divorce decree and that required the husband to pay one-half of mortgage payments and one-half of repairs deemed necessary by both parties, which did not specify any particular amounts or allow those amounts to be clearly ascertained from its terms, was not a money judgment). Because there is no money judgment against Severin for the claimed health care and extracurricular activities expenses, Stoker's attempt to garnish Severin's property for this amount is governed by the prejudgment garnishment procedure, OCGA § 18-4-40 et seq.

The law regarding prejudgment garnishment proceedings, which must be strictly construed,[10] permits garnishment for the collection of a debt which has not been reduced to a money judgment only where an action is pending against the defendant and the court finds that one of the other conditions specified in OCGA § 18-4-40 exists. See note 2, supra. Stoker failed to show that any of the

---

[9] To the extent Stoker contends that OCGA § 19-6-15 (h) (3) (B) (i) authorizes garnishment for uninsured health care expenses that have not been reduced to a money judgment without compliance with the requirements of the more restrictive prejudgment garnishment procedure, we find no basis for such a construction.

[10] *Lamb v. T-Shirt City*, 272 Ga. App. 298, 302 (1) (612 SE2d 108) (2005) ("Georgia's garnishment statutes are in derogation of the common law, and as a result, their provisions must be strictly construed.") (citation omitted); *Grande Carpet Co. v. Bedco Assoc. # 1*, 171 Ga. App. 33, 34 (2) (318 SE2d 767) (1984) ("As garnishment proceedings are purely statutory they cannot be extended to cases not enumerated in the statutes, and the courts have no power to enlarge the remedy or hold under it property not made subject to the process.") (citation and punctuation omitted).

conditions precedent to prejudgment garnishment exist, including that an action be pending against the defendant.

Because the amount Stoker claims that Severin owes for health care and extracurricular activities expenses has not been reduced to a money judgment, and because Stoker failed to show that she is entitled to the process of prejudgment garnishment under OCGA § 18-4-40 et seq., the trial court was required to grant Severin's traverse to the extent of the amount claimed for these expenses, that is, $6,536.21.[11]

Because, the trial court was required to grant Severin's traverse to the extent of the amount claimed for periodic child support[12] and for the amount claimed for health care and extracurricular activities expenses, nothing of the principal debt remains to be satisfied by Severin's garnished property, and the trial court did not err in releasing the funds and dismissing the case.

2. Stoker's remaining arguments are moot.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JULY 23, 2008 

*Donald A. Weissman*, for appellant.

*Dupree & Kimbrough, Hylton B. Dupree, Jr., Michael S. Kimbrough*, for appellee.

---

[11] We note that the trial court granted Severin's traverse based on its determination that Stoker's affidavit was untrue. Although we have determined that the trial court was required to grant Severin's traverse as to the amount claimed for health care and extracurricular activities expenses *regardless* of whether her affidavit was true, we affirm the judgment because the disposition of the case was correct. See *Police Benevolent Assn. of Savannah v. Brown*, 268 Ga. 26, 27 (2) (486 SE2d 28) (1997) ("Although [the principle relied upon by the appellate court] was not relied upon by the trial court, where the trial court is right for any reason, its judgment will be affirmed.") (citation and punctuation omitted).

[12] See Division 1 (a), supra.