Melton, Justice.
Pursuant to Supreme Court Rule 34, we granted David E. Stone’s (Husband) application to appeal the final decree entered in his divorce from Anna Stone (Wife). In doing so, we stated our specific interest in determining whether the trial court erred by awarding joint legal custody of the parties’ minor son to Husband and Sandra *452 Webb, the maternal grandmother (Grandmother).[1] Because Georgia statutory law supports joint custody arrangements only between parents, we must reverse the award of joint legal custody in this case.[2]
As is pertinent here, the record shows that Husband and Wife have been married to each other twice, and they have one minor son. Husband and Wife were divorced the second time by a decree dated January 13, 2014, and this decree incorporated a parenting plan. Among other things, the parenting plan awarded joint legal custody of the minor child to Husband, who the court specifically found was a fit parental custodian, and Grandmother. Husband was given primary physical custody, Grandmother was given visitation rights, and Wife, who the court found was unfit to have custody, was given only a potential for future visitation.
In the Georgia Code, our legislature has clearly indicated that joint custody arrangements do not include third parties when one or both parents are suitable custodians.[3] OCGA § 19-9-3, which lays out the general guidelines for custody considerations, shows a recognition that joint custody considerations remain with the parents of the child. OCGA § 19-9-3 (a) (1) provides:
In all cases in which the custody of any child is at issue between the parents, there shall be no prima-facie right to the custody of the child in the father or mother. There shall be no presumption in favor of any particular form of custody, legal or physical, nor in favor of either parent. Joint custody may be considered as an alternative form of custody by the judge and the judge at any temporary or permanent hearing may grant sole custody, joint custody, joint legal custody, or joint physical custody as appropriate.
(Emphasis supplied.) The statute goes on to state an express desire to preserve sharing of rights between parents and visitation with parents and grandparents. OCGA § 19-9-3 (d) states:
It is the express policy of this state to encourage that a child has continuing contact with parents and grandparents who *453 have shown the ability to act in the best interest of the child and to encourage parents to share in the rights and responsibilities of raising their child after such parents have separated or dissolved their marriage or relationship.
(Emphasis supplied.) Quite explicitly, the statute includes grandparents with parents for purposes of contact (visitation) with the minor child, but, when rights and responsibilities (custody) are in consideration, the statute excludes grandparents and encourages sharing between the parents only.
This express policy is then employed in the definitions of key terms in the statute. OCGA § 19-9-6 (5) explains:
“Joint legal custody” means both parents have equal rights and responsibilities for major decisions concerning the child, including the child’s education, health care, extracurricular activities, and religious training; provided, however, that the judge may designate one parent to have sole power to make certain decisions while both parents retain equal rights and responsibilities for other decisions.
(Emphasis supplied.) Once more, the statute pairs “rights and responsibilities” solely with the parents, and grandparents are excluded. This is to be expected, as the stated definition of “joint legal custody” furthers the express policy of encouraging shared rights and responsibilities between parents. To a similar end, the statute states that “ ‘[j]oint physical custody’ means that physical custody is shared by the parents in such a way as to assure the child of substantially equal time and contact with both parents.” (Emphasis supplied.) OCGA § 19-9-6 (6). Grandparents are again excluded from an arrangement for joint custody.
The purposeful nature of the Legislature’s decision to exclude grandparents from sharing joint custody with a parent is also evident from the statutory definition of “sole custody.”
“Sole custody” means a person, including, but not limited to, a parent, has been awarded permanent custody of a child by a court order. Unless otherwise provided by court order, the person awarded sole custody of a child shall have the rights and responsibilities for major decisions concerning the child, including the child’s education, health care, extracurricular activities, and religious training, and the noncustodial parent shall have the right to visitation or parenting time. . . .
(Emphasis supplied.) OCGA § 19-9-6 (11). Here, the entity paired *454 with “rights and responsibilities” is a “person,” which may be someone other than a parent. This shows, on the face of the statute, that the Legislature intended that persons may have sole legal custody of a child when no parent is suitable for custody, but only parents may have joint legal custody. If the Legislature had intended otherwise, it would have included “a person” in the category of those who could have joint custody of a child with a parent. It did not.
This statutory construction dovetails perfectly with the Legislature’s presumptions regarding the exercise and removal of parental power. OCGA § 19-7-1 (b.l) states:
[I]n any action involving the custody of a child between the parents or either parent and a third party limited to grandparent, great-grandparent, aunt, uncle, great aunt, great uncle, sibling, or adoptive parent, parental power may be lost by the parent, parents, or any other person if the court hearing the issue of custody, in the exercise of its sound discretion and taking into consideration all the circumstances of the case, determines that an award of custody to such third party is for the best interest of the child or children and will best promote their welfare and happiness. There shall be a rebuttable presumption that it is in the best interest of the child or children for custody to be awarded to the parent or parents of such child or children, but this presumption may be overcome by a showing that an award of custody to such third party is in the best interest of the child or children. The sole issue for determination in any such case shall be what is in the best interest of the child or children.
This statute indicates that there are only three groups capable of exercising parental control: a parent, parents, or third parties of a limited class. A group comprised of a parent and a third party is not mentioned because it is not a combination who may be empowered with joint control over a child. This becomes even more evident since there is a rebuttable presumption that it is in the best interests of a child to give custody to a parent or parents, and a third party may gain custody only after showing “by clear and convincing evidence that parental custody would harm the child.” Clark v. Wade, 273 Ga. 587, 587-588 (544 SE2d 99) (2001) (construing OCGA § 19-7-1 (b.1)). Moreover, construing the Code as authorizing the State to require a fit and capable parent to share custody of his child with anyone except *455 the child’s other parent would raise significant constitutional concerns. See Brooks v. Parkerson, 265 Ga. 189 (454 SE2d 769) (1995). Statutes should be interpreted to avoid serious constitutional concerns where such an interpretation is reasonable. See Haley v. State, 289 Ga. 515, 522 (712 SE2d 838) (2011).
In light of the foregoing, the trial court in this case had no power to grant joint custody to Husband and Grandmother, and that award must be vacated. This result does not mean, however, that the statute does not respect and promote the interaction of loving grandparents with a minor child. To the contrary, the statute encourages contact with grandparents in OCGA § 19-9-3 (d), and OCGA § 19-7-3 provides a mechanism for a grant of visitation rights to grandparents when necessary to ensure and preserve this contact. Also, in situations where neither parent is suitable to have custody, a grandparent might certainly be “a person” qualified to have sole custody of a minor child. However, in situations where a parent is suitable to exercise custody over a child, the statute does not allow that parental custody to be limited by a joint custody arrangement with a grandparent or, for that matter, any other person.

Judgment reversed in part.

All the Justices concur, except Ben-ham and Hunstein, JJ., who dissent.

 Grandmother was allowed to intervene in the divorce proceedings.

 We note that there are two additional related cases now pending in this Court — Case No. S15A0266 and Case No. S15A0267. We do not address those cases in this opinion.

 In making this determination,
we apply the fundamental rules of statutory construction that require us to construe [the] statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage.
At the same time, we must seek to effectuate the intent of the legislature.
(Citations omitted.) Slakman v. Continental Cas. Co., 277 Ga. 189, 191 (587 SE2d 24) (2003).