**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 21, 2016**

# In the Court of Appeals of Georgia

A16A1135. SHEFFIELD v. SHEFFIELD.

McMILLIAN, Judge.

Kaleigh Sheffield (the "Mother") appeals the juvenile court's final order awarding joint legal custody (the "Final Order") of her minor child (the "Child") to her mother, Holly Sheffield (the "Grandmother"). In her sole enumeration of error, the Mother asserts that the juvenile court erred in awarding joint legal custody of the Child to her and the Grandmother after finding that she is fit to parent.[1] For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.

---

[1] Because the Mother does not enumerate as error the award of primary physical custody to the Grandmother, we do not address this issue on appeal.

Following a bench trial in a child custody case, we view the evidence in the light most favorable to the trial court's decision. See *Brawner v. Miller*, 334 Ga. App. 214, 214 (778 SE2d 839) (2015). So viewed, the limited record[2] shows that the Grandmother filed a petition for custody of the Child in November 2014, and a bench trial to determine custody was held in June 2015. The Grandmother has been the Child's primary caretaker since his birth and provided a stable home environment for the Child, who has significant developmental delays.[3] The juvenile court also found that the Grandmother has demonstrated a commitment to meeting the Child's special needs by attending therapy with the Child and meeting with his teachers and school counselors to ensure compliance with his Individualized Educational Plan.

---

[2] Because the parties did not pay for the record to be taken down at trial, there is no transcript available for our review. Thus, we are limited in our review to the Grandmother's petition for custody and the juvenile court's Final Order. Although the juvenile court appointed the Child a guardian ad litem and the Final Order references the guardian ad litem's report, the report is not included in the record before us.

[3] It appears that in 2008 the Mother consented to the Grandmother's appointment as the Child's temporary guardian. However, the Supreme Court has held that "[u]nless and until the relationship of parent and child is lawfully terminated, parents retain parental rights, even in circumstances in which they properly may have lost parental power." *In the Interest of M. F.*, 298 Ga. 138, 145 (2) (780 SE2d 291) (2015).

On the other hand, the juvenile court found that the Mother has been unwilling to participate in and cooperate with professionals to make sure that the Child's special needs are adequately met and that the Child "would suffer long term emotional harm if sole custody were awarded to [the Mother]." Therefore, the court found that "it would be in the best interests of the [Child] that the [Grandmother] is awarded primary physical custody" with the Mother to have visitation rights. Nonetheless, the court found that the Mother "meets the definition of fitness to parent under Georgia law" and awarded joint legal custody of the Child to the Mother and Grandmother. This appeal followed.

Child custody disputes between a biological parent and a grandparent are governed by OCGA § 19-7-1 (b.1), which provides:

> [I]n any action involving the custody of a child between the parents or either parent and a third party limited to grandparent, great-grandparent, aunt, uncle, great aunt, great uncle, sibling, or adoptive parent, parental power may be lost by the parent, parents, or any other person if the court hearing the issue of custody, in the exercise of its sound discretion and taking into consideration all the circumstances of the case, determines that an award of custody to such third party is for the best interest of the child or children and will best promote their welfare and happiness. There shall be a rebuttable presumption that it is in the best interest of the child or children for custody to be awarded to the parent or parents

3

of such child or children, but this presumption may be overcome by a showing that an award of custody to such third party is in the best interest of the child or children. The sole issue for determination in any such case shall be what is in the best interest of the child or children.

To overcome the rebuttable presumption that it is in the child's best interest to award custody to a parent, a third-party relative, such as a grandparent, must show by clear and convincing evidence that awarding custody to the parents would cause either physical harm or significant, long-term emotional harm to the child. See *Clark v. Wade*, 273 Ga. 587, 598 (IV) (544 SE2d 99) (2001). In considering the issue of harm, the trial court should consider "a variety of factors beyond the parent's biological connection or present fitness to encompass the child's own needs." Id. The factors include (1) who the child's past and present caretakers are; (2) with whom the child has formed psychological bonds and how strong those bonds are; (3) whether the parties have evidenced interest in, and contact with, the child over time; and (4) whether the child has unique medical or psychological needs that one party is better able to meet. Id. at 598-99 (IV).

Here, the juvenile court found "by clear and convincing evidence that the [Child] would suffer physical or emotional harm if custody were awarded to the [Mother]." However, the court then went on to award the Mother and Grandmother

4

joint legal custody. Our Supreme Court recently explained that the Georgia General Assembly "has clearly indicated that joint custody arrangements do not include third parties when one or both parents are suitable custodians." *Stone v. Stone*, 297 Ga. 451, 452 (774 SE2d 681) (2015) (reversing order granting joint legal custody to father and grandmother). Thus, while a third party may have sole legal custody of a child when no parent is suitable for custody,[4] Georgia law only allows joint custody arrangements between parents. Id. at 454. See also OCGA § 19-9-3 (a) (1).[5]

---

[4] And where neither parent is suitable to have custody, a grandparent may certainly be qualified to have sole custody of a minor child. See OCGA § 19-7-1 (b.1).

[5] This statute provides:

In all cases in which the custody of any child is at issue between the parents, there shall be no prima-facie right to the custody of the child in the father or mother. There shall be no presumption in favor of any particular form of custody, legal or physical, nor in favor of either parent. Joint custody may be considered as an alternative form of custody by the judge and the judge at any temporary or permanent hearing may grant sole custody, joint custody, joint legal custody, or joint physical custody as appropriate.

OCGA § 19-9-3 (a) (1).

Accordingly, although the juvenile court clearly intended to act in the best interests of the Child, we must reverse the grant of joint legal custody to the Mother and Grandmother and remand for further proceedings on the question of legal custody. See *Stone*, 297 Ga. at 455. Cf. *Holdaway v. Holdaway*, __ Ga. App. __ (Case No. A16A1239, decided August 3, 2016) (affirming grant of primary physical and legal custody to grandmother under OCGA § 19-7-1 (b.1)).

*Judgment reversed and case remanded. Miller, P. J., and McFadden, J., concur.*