MILLER, Presiding Judge.
This is the second appearance of this grandparent custody case in this Court. In Jewell v. McGinnis, 333 Ga. App. 108 (775 SE2d 539) (2015) (“Jewell I”),[1] this Court vacated the superior court’s order granting joint legal custody to the mother and the paternal grandparents, with primary physical custody to the grandparents. Further, in Jewell I, this Court remanded the case with direction for the superior court to make the statutorily required factual findings by clear and convincing evidence under OCGA § 19-7-1 (b.l). Onremand, the superior court entered a new order (the “Revised Custody Order”), which contained factual findings and again granted joint legal custody to the mother and grandparents and primary physical custody to the grandparents.
1. The mother appeals from the superior court’s Revised Custody Order, contending, inter alia, that OCGA § 19-9-6 does not authorize an award of joint legal custody to a parent and a third party. We agree, and therefore we reverse the award of joint legal custody in this case and remand for further proceedings consistent with this opinion.
The Supreme Court of Georgia and this Court have both held that a third party may have sole legal custody of a child when no parent is suitable for custody; however, Georgia statutory law only supports joint legal custody arrangements between parents. Stone v. Stone, 297 Ga. 451, 455 (774 SE2d 681) (2015); Sheffield v. Sheffield, 338 Ga. App. 667, 669 (791 SE2d 428) (2016); Marks v. Soles, 339 Ga. App. 380, 386 (2) (793 SE2d 587) (2016). See also OCGA § 19-9-6 (5) (“Joint legal custody means both parents have equal rights and responsibilities for major decisions concerning the child[.]”) (punctuation omitted); OCGA § 19-9-3 (a) (1) (setting out general custody guidelines and recognizing that joint custody considerations remain with the child’s parents).
The superior court had no power to grant joint legal custody to the mother and the paternal grandparents. Consequently, we must reverse that award and remand this case for further proceedings. Stone, supra, 297 Ga. at 455.
2. In light of our holding in Division 1, we need not address the mother’s remaining argument.

Judgment reversed and case remanded with direction.

Bethel, J., concurs. McFadden, P. J., concurs fully and specially.

 The relevant facts in this case are set out in Jewell I.