**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and SENIOR APPELLATE JUDGE PHIPPS.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 5, 2021**

# In the Court of Appeals of Georgia

A20A2000.  TRUIST  BANK  f/k/a  BRANCH  BANKING  AND
       TRUST COMPANY v. STARK.

PHIPPS, Senior Appellate Judge.

Truist Bank appeals from a final judgment of the trial court in which it found that approximately $104,000 in an account held by Gordon Stark was subject to the twenty-five percent disposable earnings limitation on garnishment under former OCGA § 18-4-5 (a) (1).[1] For the reasons that follow, we reverse.

Appellate courts review factual determinations in a garnishment proceeding under the "any evidence" standard and we are bound by the trial court's findings as long as there is any evidence to support them. *A. M. Buckler & Assoc., Inc. v.*

---

[1] The current version of OCGA § 18-4-5 took effect in January 2021. Throughout this opinion, all citations to OCGA § 18-4-5 will refer to the prior version in effect in 2019, at the time this garnishment action was initiated.

*Sanders*, 305 Ga. App. 704, 707-708 (1) (700 SE2d 701) (2010). But "[w]hen the evidence is uncontroverted and no question of witness credibility is presented . . . the trial court's application of the law to undisputed facts is subject to de novo appellate review." *Stoker v. Severin*, 292 Ga. App. 870, 871 (665 SE2d 913) (2008).

So viewed, the record shows that Truist obtained a judgment against Stark in the amount of $768,663.47. In December 2019, Truist filed a garnishment action naming Wells Fargo Bank, a financial institution, as the garnishee and seeking funds in Stark's account. Wells Fargo filed an answer to the garnishment, stating that it held $129,968.74 of Stark's money, which it then paid into the trial court's registry. Stark filed a claim asserting that $104,318.62 of the funds in his account were "exempt from garnishment by virtue of being retirement benefits" pursuant to the provisions of OCGA § 18-4-5.[2] The parties do not dispute that the remaining $25,650.12 in the account is subject to garnishment.

The trial court held a trial on Stark's claim. Stark introduced evidence that he received the $104,318.62 at issue from the ManpowerGroup Nonqualified Savings Plan as a lump sum on July 2, 2019, following his separation from employment with

---

[2] The written pleadings in the record state that the disputed amount is $104,318.62, while at trial, the amount was repeatedly referred to as $104,318.52.

ManpowerGroup. Stark also introduced a copy of the savings plan summary, which stated that it "is intended to be an unfunded plan that provides deferred compensation benefits for a select group of management or highly compensated employees of ManpowerGroup." The parties argued over whether the funds were subject to the disposable earnings limitation in OCGA § 18-4-5 (a) (1).

At the conclusion of the trial, the court issued an order finding that the disposable earnings limitation applied to the lump sum payment of $104,318.62. Accordingly, the trial court ruled that Truist was entitled to garnish no more than $51,729.77, which constitutes the sum of the $25,650.12 that Truist and Stark agreed was not subject to any garnishment exemption or limitation, plus twenty-five percent of the $104,318.62. The trial court ordered disbursement of the remaining funds in the registry to Stark.

Truist filed an application for a discretionary appeal, which this Court granted. Thereafter, Truist filed a timely notice of appeal.

1. Truist argues that the trial court erred in ruling that the disposable earnings limitation applies to funds from an unfunded plan as described in OCGA § 18-4-6 (a) (3). We agree.

To resolve this issue, we must analyze the interplay between OCGA §§ 18-4-5 (a) (1), 18-4-6 (a) (2), and 18-4-6 (a) (3). We note at the outset that in the trial court, the parties agreed that OCGA § 18-4-6 (a) (3) applies to the disputed funds.[3]

Under Georgia's garnishment statutory scheme,"[a]ll money or other property of the defendant in the possession or control of the garnishee . . . shall be subject to the process of garnishment[.]" OCGA § 18-4-4 (b). But some property is exempt from garnishment. Pertinent to this appeal, OCGA § 18-4-6 (a) states:

> (1) Certain earnings or property of the defendant may be exempt from the process of garnishment.
>
> (2) Funds or benefits from an individual retirement account or from a pension or retirement program shall be exempt from the process of garnishment until paid or otherwise distributed to a member of such program or beneficiary thereof. Such funds or benefits, when paid or otherwise distributed to such member or beneficiary, shall be exempt from the process of garnishment only to the extent of the limitations provided in Code Section 18-4-5 for other disposable earnings, unless a greater exemption is otherwise provided by law.

---

[3] On appeal, Stark argues that OCGA ' 18-4-6 (a) does not apply because the funds were not *in* the unfunded plan, but rather in his personal account at Wells Fargo. Because Stark raises this argument for the first time on appeal, we will not consider it. See *Hall v. Ross*, 273 Ga. App. 811, 814 n. 12 (616 SE2d 145) (2005) ("[T]his Court will not address arguments raised for the first time on appeal.").

4

(3) Funds in an unfunded plan maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees shall not be exempt from the process of garnishment.

With respect to property that is subject to garnishment, OCGA § 18-4-5 (a) sets out a disposable earnings limitation, stating:

(1) Subject to the limitations set forth in Code Section[] 18-4-6 . . . the maximum part of disposable earnings for any work week which is subject to garnishment shall not exceed the lesser of:

(A) Twenty-five percent of the defendant's disposable earnings for that week; or

(B) The amount by which the defendant's disposable earnings for that week exceed $217.50.

(2) In case of earnings for a period other than a week, the proportionate fraction or multiple of 30 hours per week at $7.25 per hour shall be used.

Truist argues that because the funds described OCGA § 18-4-6 (a) (2) are explicitly limited by the disposable earnings limitation in OCGA § 18-4-5, and no reference is made to OCGA § 18-4-5 in OCGA § 18-4-6 (a) (3), then unfunded plans are therefore not limited by OCGA § 18-4-5 in any manner. We agree with this construction.

"The fundamental rules of statutory construction that require us to construe the statute according to its terms, to give words their plain and ordinary meaning, and to avoid a construction that makes some language mere surplusage. At the same time, we must seek to effectuate the intent of the legislature." *Stone v. Stone*, 297 Ga. 451, 452 n. 3 (774 SE2d 681) (2015) (citation and punctuation omitted). OCGA § 18-4-6 (a) (2) explicitly provides that funds from an individual retirement account or from a pension or retirement program, after distribution to the beneficiary, are exempt to the extent of the limitations provided in OCGA § 18-4-5. In contrast, OCGA § 18-4-6 (a) (3), in describing funds in an unfunded plan, does not refer to OCGA § 18-4-5 or indicate that funds paid from an unfunded plan are exempt at all.

"Under the statutory interpretation doctrine of expressio unius est exclusio alterius, where [the General Assembly] includes particular language in one section

6

of a statute but omits it in another section of the same Act, it is generally presumed that [the General Assembly] acts intentionally and purposely in the disparate inclusion or exclusion." *Grange Indem. Ins. Co. v. Burns*, 337 Ga. App. 532, 537-538 (1) (a) (788 SE2d 138) (2016) (citation and punctuation omitted). As a result, we construe OCGA § 18-4-5 to only apply in this context to OCGA § 18-4-6 (a) (2). See *Padgett v. City of Moultrie*, 229 Ga. App. 500, 503 (1) (494 SE2d 299) (1997) ("[I]f some things . . . are expressly mentioned, the inference is stronger that those omitted are intended to be excluded than if none at all had been mentioned. The omission of any such reference from the Code subsection must be regarded as deliberate.") (citations and punctuation omitted). If the General Assembly had desired to subject funds from an unfunded plan to the earnings limitation, it could have done so as it did with the type of funds mentioned in subsection OCGA § 18-4-6 (a) (2). See *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 72 (1) (456 SE2d 642) (1995) (where General Assembly expressly mentioned 'state officer or employee' in two subsections of statute, it was presumed to have intentionally omitted it from a third subsection).

Moreover, we are not authorized to read the disposable earnings limitation into OCGA § 18-4-6 (a) (3), because doing so would render the disposable earnings

limitation expressly mentioned in OCGA § 18-4-6 (a) (3) mere surplusage. See *State of Ga. v. Free At Last Bail Bonds*, 285 Ga. App. 734, 737 (647 SE2d 402) (2007) (Courts must interpret statutes "as a whole, striving . . . to avoid constructions that make some language mere surplusage.") (citations and punctuation omitted). Additionally, such a reading would be "tantamount to adding language to the statute, which we cannot do. If the General Assembly desired to include [a reference to OCGA § 18-4-5 in OCGA § 18-4-6 (a) (3)], it would have done so." *Hillman v. Bord*, 347 Ga. App. 651, 655 (1) (820 SE2d 482) (2018) (physical precedent only). See also *Catoosa County v. Rome News Media, LLC*, 349 Ga. App. 123, 134 n. 52 (825 SE2d 507) (2019) (Courts do not have the authority to rewrite a statute.). Accordingly, the trial court erred in holding that the disposable earnings limitation applies to the disputed funds in this case.

2. Based on our holding in Division 1, we need not reach Truist's remaining enumeration of error.

*Judgment reversed. Miller, P. J., and Mercier, J., concur*.